Lucie AKEY, Harold Boyle, Marion Elder, Donald Favreau, Madeline Favreau, Lance Macomber and Christopher McDonald, Plaintiffs–Appellants,

Albert Farbotko, Aleksandra Farbotko, John Farbotko, and a class of similarly situated persons, Eric Hunt and Kirk Lamberti, Plaintiffs,

v.

CLINTON COUNTY, NEW YORK, and William Bingel, in his official capacity as Clinton County Administrator, Defendants–Appellees.

Docket No. 03–7329.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 2003.

Decided July 9, 2004.

Mark A. Schneider, Plattsburgh, NY, for Plaintiffs–Appellants.

Robert A. Rausch, Albany, N.Y. (Maynard, O'Connor, Smith & Catalinotto, LLP, of counsel), for Defendants–Appellees.

Before: WALKER, Chief Judge, OAKES and KATZMANN, Circuit Judges.

Chief Judge JOHN M. WALKER, JR. dissents in a separate opinion.

OAKES, Senior Circuit Judge.

Appellants, property owners in Clinton County, New York, who had their properties foreclosed upon for failure to pay de-

linquent taxes, filed Proofs of Claim as potential class members in a class action against the County for violation of due process in failing to provide proper notice of the foreclosures. The United States District Court for the Northern District of New York, David R. Homer, *Mag. J.*, found that none of the appellants could defeat a presumption of receipt of a foreclosure notice and accordingly denied their Proofs of Claim that they were members of the class. With respect to the majority of the appellants, we agree with the district court that no due process violation occurred in the County's provision of notice. With respect to appellants Akey and McDonald, however, we conclude that the requirements of due process were not met by the County and therefore reverse the district court's denial of their claims.

## BACKGROUND

The events giving rise to this case are set forth in full in *Farbotko v. Clinton County*, 168 F.Supp.2d 31 (N.D.N.Y.2001). To summarize, in January 1999, Clinton County mailed notices of foreclosure to all taxpayers who had failed to pay 1996 and/or 1997 taxes on commercial or vacant properties. The notices were sent by ordinary first-class mail in accordance with New York Real Property Tax Law § 1125 (1999).[1] The addresses on the notices were obtained from the tax rolls in the Clinton County Real Property Services Office, which were regarded by the County as the most accurate source for addresses. These notices by first-class mail were one of several ways the County attempted to inform the property owners of possible foreclosure; other methods included post-

ing, publishing, and a notice of arrears on the current tax bill. *See id.* at 36.

In August 1999, an order of default transferred title of the delinquent taxpayers' properties to the County, and the properties were subsequently auctioned to the public. Just before the auction, a delinquent taxpayer filed a class action pursuant to 42 U.S.C. § 1983, alleging that Clinton County had violated the due process rights of all taxpayers whose property was the subject of the January 1999 foreclosure proceedings. The class was certified in October 2000, and the district court dismissed most of the plaintiffs' claims on summary judgment in October 2001. *See Farbotko*, 168 F.Supp.2d at 47.

At trial on the remaining claims in July 2002, the jury found that Clinton County had followed regular procedures in addressing and mailing the foreclosure notices, and was therefore entitled to a presumption that the notices were received. The jury also found that the presumption was rebutted for those class members who could establish that their notices of foreclosure had been sent to an incorrect address.

Appellants Lucie Akey, Harold Boyle, Marion Elder, Donald and Madeline Favreau, Lance Macomber, and Christopher McDonald, sought to join the class action at this point by filing Proofs of Claim alleging that they did not receive the notices of foreclosure, that the addresses used for mailing them were incorrect, that the County could have found correct addresses in its records, and that they did not receive notice by other means. Boyle, Elder, and the Favreaus, however, have since confirmed that the addresses used by the County in sending their notices were the correct mailing addresses. Macomber

---

1. In 1999, N.Y. Real Prop. Tax Law § 1125 provided that personal notice of the commencement of a foreclosure proceeding must be provided "by ordinary first class mail." In 2000, New York State amended § 1125 to require foreclosure notices be sent by certified mail. *See* N.Y. Real Prop. Tax Law § 1125 (2001).

maintains that his notice was sent with an incorrect zip code. McDonald claims that his old address, which was used in sending the notice of foreclosure, had not been updated on the tax rolls when the County implemented a 9–1–1 service in 1992 that changed his address. None of these appellants' notices were returned as undeliverable.

Akey's notice, however, was returned. It had been sent to the address listed for Akey on the 1999 tax rolls for the Town of Champlain, where the property was located. After Akey's notice was returned, the County reviewed the tax rolls for Champlain but was unable to identify a correct address for Akey. Akey's correct address appears in the tax rolls for the Town of Schuyler Falls, which is part of Clinton County.

After a bench trial in February 2003, the district court denied each of the appellants' Proofs of Claim. See *Farbotko v. Clinton County*, No. 99–CV–1946 (DRH), 2003 WL 21303256 (N.D.N.Y. Feb.28, 2003). Specifically, it found that the foreclosure notices sent to Boyle, Elder, and the Favreaus were sent to their correct addresses, entitling the County to the presumption of receipt. Boyle did not testify at trial; Elder and the Favreaus testified that they had not received the notices. The district court held that the presumption of receipt was not rebutted because Elder and the Favreaus offered no evidence other than their bare denial of receipt, which was insufficient, and because Boyle offered no evidence at all. The district court therefore entered judgment for the County on these appellants' claims.

With respect to Macomber, the district court found that although the foreclosure notice had been sent with an incorrect zip code, the property at issue had already been foreclosed upon in an earlier proceeding. The district court therefore held that

even if a due process violation had occurred, Macomber could not establish a loss of property or any damages suffered as a result of the violation. Accordingly, the district court entered judgment for the County on his claim.

With respect to McDonald, the district court found that the County required that his address in Ellenburg be changed from a post office box to a street number in 1992 when it implemented a 9–1–1 emergency response system. McDonald testified that he assumed that the County had updated its files to reflect his new street number address because it had put the 9–1–1 system in place that created the change. His foreclosure notice was sent to the outdated post office box address, and McDonald denied receiving it. The district court found that the County was entitled to a presumption of receipt because it had used the address in the tax roll and because the Ellenburg Postmaster testified that mail addressed to McDonald at the post office box was always delivered to him at his street address. The district court then held that McDonald's denial of receipt was insufficient to overcome the presumption and entered judgment for the County.

Finally, the district court found that the foreclosure notice on Akey's property was mailed to an outdated address. Akey's daughter, who managed her parents' properties and was responsible for her mother's taxes, testified that she had not notified the County but had notified the Town of Champlain of the new address when her parents' business had moved in 1992. The town, however, did not change Akey's address on its tax rolls. When Akey's foreclosure notice was returned to the County as undeliverable, the County searched the tax roll for the Town of Champlain for an alternate mailing address and found only the same incorrect address for Akey. The

district court held that this search of the town tax roll satisfied the minimum requirements of due process and entered judgment for the County.

## DISCUSSION

■ In order to satisfy the requirements of due process, a property owner must be given notice of foreclosure proceedings before foreclosure can occur. This principle arises from the holding in *Mullane v. Central Hanover Bank & Trust Co.,* where the Supreme Court found that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *accord Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *Weinstein v. Albright,* 261 F.3d 127, 134 (2d Cir.2001). Reasonably calculated notice is notice by means "such as one desirous of actually informing the [property owner] might reasonably adopt to accomplish it." *Mullane,* 339 U.S. at 315; *accord Torres v. $36.256.80 U.S. Currency,* 25 F.3d 1154, 1161 (2d Cir.1994).

■ We have stated that in determining whether due process was provided in foreclosure proceedings, "[t]he proper inquiry is whether the state acted reasonably in selecting means likely to inform the persons affected, not whether each property owner actually received notice." *Weigner v. City of New York,* 852 F.2d 646, 649 (2d Cir.1988). "In the context of a wide variety of proceedings that threaten to deprive individuals of their property interests, the Supreme Court has consistently held that mailed notice satisfies the requirements of due process." *Id.* at 650

(citing cases). As notice by mail is deemed to be reasonably calculated to reach property owners, the state is not required to go further, despite the slight risk that notice sent by ordinary mail might not be received.

■ Guided by the above, we must determine whether the notices of foreclosure provided by Clinton County in this case were, in fact, reasonably calculated to reach the appellants such that due process was provided. We agree with the reasoning of the district court with respect to the claims of Boyle, Elder, and the Favreaus. Where, as here, the County provides evidence that the notices of foreclosure were properly addressed and mailed in accordance with regular office procedures, it is entitled to a presumption that the notices were received. *See Meckel v. Cont'l Res. Co.,* 758 F.2d 811, 817 (2d Cir.1985). Denial of receipt, without more, is insufficient to rebut the presumption. *Id.* Because these appellants offered no evidence other than bare denials, we affirm the district court's dismissal of their Proofs of Claim.

■ Similarly, we agree with the district court's analysis of Macomber's claim and find that, even if he could establish a due process violation, he cannot establish any injury or damages from the 1999 foreclosure proceeding. Furthermore, we note that courts have expressed the view that even if a zip code is slightly incorrect, as here where the County transposed two digits, notice is adequate for the purposes of due process because "the Postal Service will deliver [that] letter to the correct street address." *Pimentel v. U.S. Drug Enforcement Admin.,* 99 F.Supp.2d 420, 426 n. 2 (S.D.N.Y.2000)(citing cases). We therefore affirm the dismissal of Macomber's Proof of Claim as well.

■ We now turn to McDonald's claim, which rests on the accuracy of the Coun-

ty's database used in addressing the notices of foreclosure. McDonald's address, formerly a post office box, was changed by the County to a street number in 1992 when the County implemented its 9–1–1 emergency response system. Although the County itself initiated the change and assigned McDonald his street number, it did not update its own tax records to reflect the change. Thus, the County sent the 1999 foreclosure notice to the old post office box address, and McDonald denied ever receiving it.

In terms of due process, McDonald's claim raises the question whether using an address that was outdated as a result of the County's conduct represented a reasonable effort on the part of the County to give notice to McDonald. In order to merit a presumption of receipt, the County must have properly addressed McDonald's notice. *See Meckel,* 758 F.2d at 817. Although it did rely on his tax roll address, which ordinarily would be sufficient to create the presumption, the County was responsible for the change that made his tax roll address inaccurate in the first place. Given that the County took no steps to update its records after implementing the 9–1–1 system, we find that it was unreasonable for it to rely on an address that it had full reason to anticipate was outdated as a result of its own conduct. We therefore disagree with the district court that the County was entitled to the presumption of receipt with respect to McDonald. In the absence of the presumption, McDonald's denial of receipt establishes a potential due process violation. Accordingly, the denial of his claim must be reversed.

 Akey's claim raises the question of what due process obligations the County incurred when her notice of foreclosure was returned as undeliverable. In light of the notice's return, the County was re-

quired to use "reasonably diligent efforts" to ascertain Akey's correct address. *Mennonite,* 462 U.S. at 798 n. 4, 103 S.Ct. 2706; *see also Mullane,* 339 U.S. at 317, 70 S.Ct. 652 (due process requires "due diligence" in ascertaining whereabouts of party); *Kennedy v. Mossafa,* 100 N.Y.2d 1, 9, 759 N.Y.S.2d 429, 433, 789 N.E.2d 607 (2003) ("when the notice is returned as undeliverable, the tax district should conduct a reasonable search of the public record"); N.Y. Real Prop. Tax Law § 1125 (2000) (requiring foreclosure notice to each property owner "whose name and address are reasonably ascertainable from the public record, including the records in the offices of the surrogate"). The County searched for an alternate address in its tax record and in the 1998 tax roll of the Town of Champlain, where Akey's property was located, but did not find an alternate address. The district court held that this limited search fulfilled the County's due process obligations.

We disagree. The dispositive issue here is whether it was reasonable for the County to search only the 1998 tax roll of the Town of Champlain where the property was located, and not to search the 1998 tax rolls of all the towns and villages in Clinton County. The 1998 tax rolls of these other towns and villages, totaling 17 in all, were readily available in the County's offices. Had the County availed itself of these public records, it would have found a correct address for Akey in the Town of Schuyler Falls. As recognized by the New York Court of Appeals in *Kennedy,* "[t]he public record does not consist solely of the [county] tax roll. To the contrary, RPTL 1125 specifically refers to the records of the surrogate's office. In fact, the statute contemplates that the enforcing officer may generally charge ... for any reasonable search of the public record." 100 N.Y.2d at 10, 759 N.Y.S.2d at 433–34, 789

N.E.2d 607 (referring to N.Y. Real Prop. Tax Law § 1102(e)).

Although the Town of Schuyler Falls was not the town in which Akey's property was located, we find that a "reasonable search of the public record," would have included the 1998 tax rolls of all the County's towns and villages. Unlike searches of the Internet, telephone books, voting records and the like, which the *Kennedy* court found unnecessary to meet due process standards, *id.*, an inclusive search of these public records, readily ascertainable to the County, would have represented a reasonably diligent attempt to find Akey's correct address. *See Tracy v. County of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334, 1338–39 (1985) (finding that "a reasonable effort" in a foreclosure case was "to make inquiry of the records maintained by the [state]"); *see also Hamilton v. Renewed Hope, Inc.*, 277 Ga. 465, 589 S.E.2d 81, 85 (2003) (requiring "reasonably diligent efforts beyond the use of tax and real estate records in order to ascertain the address of the delinquent taxpayer").

Moreover, although the town and village tax rolls were not computerized in 1999, we find that searching them would not have required "extraordinary efforts" beyond the requirements of due process. *Mennonite*, 462 U.S. at 798 n. 4, 103 S.Ct. 2706. Such "extraordinary efforts" typically describe searches *beyond* the public record, not searches *of* the public record. *See Tobia v. Town of Rockland*, 106 A.D.2d 827, 484 N.Y.S.2d 226, 229 (1984)(cautioning "that local taxing authorities are [not] required to undertake extraordinary efforts to discover the current whereabouts of a property owner *whose actual address is not available through a search of the public records* ") (emphasis added).

Because the County did not perform a reasonably diligent search for Akey's address, we hold that its due process obli-

gations were not satisfied with respect to her notice of foreclosure. The district court's denial of her Proof of Claim must be reversed.

## CONCLUSION

In light of the foregoing, we affirm the decision of the district court with respect to Boyle, Elder, the Favreaus, and Macomber. We reverse the decision of the district court with respect to McDonald and Akey, and remand for further proceedings consistent with this opinion.

JOHN M. WALKER, JR., Chief Judge, dissenting.

While I am in general agreement with the majority's opinion, I cannot agree with my colleagues' view with regard to defendant-appellant McDonald that because the County should have updated its records after the introduction of the 911 system in 1992, it failed to meet the requirements of due process.

The district court determined that the County was entitled to the presumption that McDonald received the January 1999 notice of foreclosure proceedings. It then found that McDonald had failed to rebut the presumption of receipt and, accordingly, granted judgment to the County. I would not have disturbed its findings.

As the majority observes, all due process requires is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although I agree with the majority that the address listed in the tax roll for McDonald was "inaccurate," Majority Opinion at 236, the issue does not turn on that fact. The question is whether the County gave

notice by means "such as one desirous of actually informing the [property owner] might reasonably adopt to accomplish it." *Mullane,* 339 U.S. at 315, 70 S.Ct. 652. That standard is met here.

Because McDonald had paid past due tax bills sent to the old address and never requested that the County change that address for future mailings, the County had no reason to believe that "Box 175" was not still the correct address. *Cf. Kennedy v. Mossafa,* 100 N.Y.2d 1, 11, 759 N.Y.S.2d 429, 789 N.E.2d 607 (2003)(finding that property owner's "pattern of paying bills sent to an address that she claims was incorrect gave the Town and County reason to believe that it was still the correct address."). The postmaster for the Ellenburg post office testified that McDonald and his residence were personally known to her prior to 1999 and that the mail sent to McDonald at the Box 175 address was "always" delivered to McDonald at his residence even without the correctly designated street address of "1816." The district court found the postmaster to be credible and her testimony was corroborated by another postal employee.

Under these circumstances, I cannot conclude that the County acted unreasonably much less that the district court's findings were clearly erroneous. The majority effectively imposes an affirmative duty on a municipality to update an address that it had no reason to believe was incorrect (and, in fact, had every reason to believe was correct). There is no such duty. *See Weigner v. City of New York,* 852 F.2d 646, 651 n. 5 (2d Cir.1988) ("party's ability to take steps to safeguard his interests" is relevant "in making the initial determination of what notice is reasonable"); *Kennedy,* 100 N.Y.2d at 10–11, 759 N.Y.S.2d 429, 789 N.E.2d 607. For these reasons, I would affirm the district court's

determination that the County was entitled to the presumption of receipt.

After crediting the district court's determination that the County was entitled to the presumption of receipt, McDonald's argument amounts to nothing more than a base denial, insufficient to overcome the presumption. *See Meckel v. Cont'l Res. Co.,* 758 F.2d 811, 817 (2d Cir.1985)(holding that rebuttal of the presumption requires a specific factual denial of receipt). McDonald has pointed to no specific evidence to rebut the presumption of receipt. Thus, no reason exists to overturn the district court's finding on the grounds that McDonald rebutted the presumption of receipt.

For these reasons, as to defendant-appellant McDonald, I respectfully dissent.