Sinha v. Town of Shelburne, No. S0930-04 CnC  (Norton, J., June 23, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S0930-04 CnC

RAM N. SINHA,
        Appellant

v.

TOWN OF SHELBURNE,
        Appellee

ENTRY

        Appellant Ram N. Sinha appeals, pursuant to V.R.C.P. 75, the decision of the Town of Shelburne's Board of Abatement to deny his request for an abatement for the 2003–04 tax year.  Mr. Sinha has moved for summary judgment.  The Town of Shelburne has made a cross motion for summary judgment.  For the reasons stated below, summary judgment is granted in favor of the Town of Shelburne.

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."  V.R.C.P. 56(c)(3).  In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15.  Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact.  Id.  Where opposing parties both seek summary judgment, each is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists when the opposing party's motion is being judged.  Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990).

## FACTS

The following facts are undisputed.  Taxpayer owns three parcels of land in Town known as 2 Sledrunner Road, 5 Sledrunner Road, and 104 Sledrunner Road.  Taxpayer is a full-time resident of Sands Point, New York.  At all times pertinent, Taxpayer had informed Town that all notices and other official communications were to be mailed to his address in Sands Point.

Town increased the assessed value of the parcels to $2,966,500 as part of a town-wide reappraisal effective April 1, 2003.  Town sent a notice of change of appraisal to Taxpayer by way of first class bulk mail on May 30, 2003.  Town did not segregate Taxpayer's out-of-state bulk mailings from other, local bulk mailings.  Taxpayer claims that he never received this notice or any other communications from the Town sent by way of bulk mail, including items from the Town's prior reappraisal efforts in 2002 and 2003.

The first notice that Taxpayer received of the change in the assessment of the parcels was his property tax bill dated July 10, 2003 for the 2003–04 tax year. By that time Taxpayer's appeal period under 32 V.S.A. § 4404 had expired. Taxpayer paid his property tax bill in a timely manner over the course of the 2003–04 tax year.

On June 9, 2004, Taxpayer filed a timely request for a grievance hearing with Town's Assessor regarding the assessed value of the parcels for the 2004–05 tax year. On June 23, Town reduced the assessed value of the Property to $2,095,100 for the 2004–05 tax year. In the meantime, Taxpayer filed a request with Town to abate his property taxes for the 2003–04 tax year. The basis for his request was the lack of timely notice of the change of appraisal in 2003 that unfairly precluded him from pursuing an appeal.

On July 14, Taxpayer supplemented his request and asked that Town also abate his 2003–04 taxes based on the reduction it made to the assessed value of his parcel on June 23. Five days later, Town's Board of Abatement denied Taxpayer's request.

## DISCUSSION

Vermont's law requiring notice of changes in property assessments provides:

> When the listers return the grand list book to the town clerk, they shall notify by first class mail, on which postage has been prepaid and which has been addressed to their last known address, all affected persons, listed as property owners in the grand list book of any change in the appraised value of such property . . . and also notify them of the amount of such change and of the time and place fixed in the public notice hereinafter provided for, when persons aggrieved may be heard. Notices shall be mailed at least 14 days before the time fixed for hearing. Such personal notices

> shall be given in all towns and cities within the state, anything in the charter of any city to the contrary not withstanding. At the same time the listers shall post notices in the town clerk's office and in at least four other public places in the town . . . setting forth that they have completed and filed such book as an abstract and the time and place of the meeting for hearing grievances and making corrections. <u>Unless the personal notices required hereby were sent by registered or certified mail, or unless an official certificate of mailing of the same was obtained from the post office, in the case of any controversy subsequently arising it shall be presumed that the personal notices were not mailed as required</u>.

32 V.S.A. § 4111(e) (emphasis added). It is undisputed that Town mailed notices of the 2003 reappraisal of the parcels to Taxpayer by first class bulk mail.[1] The question to be determined is whether Town's attempt to provide notice was sufficient to satisfy § 4111(e) when Taxpayer failed to receive the notices and, if not, whether the Town must provide an abatement.

Taxpayer maintains that Town must provide actual notice to him, according to both the plain meaning of § 4111(e) and the constitutional requirements of due process.

<u>Statutory Requirement</u>

Although there is no reported case law that addresses the notice requirement of § 4111(e) specifically, cases concerning other statutory notice requirements are instructive. For example, the Department of Motor Vehicles is required to send notice by first class mail to the last known address of a driver whose license is being suspended or revoked. 23 V.S.A. § 204(a). The requirement is fulfilled by the act of mailing, "regardless of

---

[1] The Town obtained from the U.S. Post Office in Shelburne a Certificate of Mailing thereby defeating the presumption that the notices were not mailed as required. 32 V.S.A. § 4111(e).

whether [the driver] actually received notice." Boutin v. Conway, 153 Vt. 558, 564 (1990). Other statutes specify a more exacting standard of notice, such as certified mail, that would ensure proof of receipt. See, e.g., 24 V.S.A. § 4464(b)(3) (requiring that zoning board decisions be sent by certified mail); Town of Hinesburg v. Dunkling, 167 Vt. 514, 520-22 (1998) (finding that plain meaning of § 4464(b)(3) notice requirement was met even though intended recipient claimed not to have received the notice). Section 4111(e), however, contains no such requirement, but only a presumption that notice was not sent if it was not done by registered or certified mail. Even this presumption may be defeated without assurance that the notice was actually received when, as in this case, Town obtains an official certificate of mailing. The court finds that § 4111(e) requires only that notice be mailed by Town.

Due Process Requirement

"'[D]ue process concerns arise whenever the state deprives an individual of an interest in the use of real or personal property.'" Hegarty v. Addison County Humane Soc'y, 176 Vt. 405, 411 (2004) (quoting Town of Randolph v. Estate of White, 166 Vt. 280, 285 (1997)). Three factors are considered to determine what process is due: "(1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of the interest under the procedures used, and (3) the governmental interests involved, including fiscal and administrative burdens." Town of Randolph, 166 Vt. at 284. A fundamental requirement of due process "'in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 283 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Taxpayer cites several Vermont cases that address the adequacy of information contained within a notice, e.g., Town of Randolph, 166 Vt. at

283-287, but not the adequacy of delivering the notice. The standard of inquiry for delivery of notice was recently articulated by the Second Circuit as:

> whether the state acted reasonably in selecting means likely to inform the persons affected, not whether each property owner actually received notice. In the context of a wide variety of proceedings that threaten to deprive individuals of their property interests, the Supreme Court has consistently held that mailed notice satisfies the requirements of due process. As notice by mail is deemed to be reasonably calculated to reach property owners, the state is not required to go further, despite the slight risk that notice sent by ordinary mail may not be received.

Akey v. Clinton County, New York, 375 F.3d 231, 235 (2d Cir. 2004) (internal citations omitted). The Akey court applied this standard to notice of foreclosure proceedings and held that, where the state had evidence that the notice was properly addressed and mailed, due process requirements were met. Id.

Applying the three factors of due process, the mailing to Taxpayer was sufficient. In the present case, Taxpayer's interest at stake is significantly less than foreclosure (one year's tax rate). There is some risk of an erroneous deprivation of interest—i.e., an incorrect reappraisal—as this case demonstrates. However, that risk is outweighed by the fiscal and administrative burden to Town if it were required to ensure receipt of all notices of reappraisal combined with the lesser interest of Taxpayer at stake. Town's attempt to notify Taxpayer of the reappraisal did not violate the requirements of due process.

## ORDER

Accordingly, summary judgment is granted in favor of appellee Town of Shelburne.

Dated at Burlington, Vermont this _____ day of June, 2005.

_____
Hon. Richard W. Norton
Presiding Judge