Itiakorit John OSELE, Petitioner,

v.

### UNITED STATES ATTORNEY GENERAL, Respondent.

No. 05–2899–AG.

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Itiakorit John Osele, pro se, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Mary K. Roach, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Itiakorit John Osele, pro se, petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history. We review only Osele's challenge to the BIA's January 25, 2005 denial of his first two motions to reopen because he did not petition for review from the dismissal of his appeal or from any of his subsequent motions.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

An asylum applicant is limited to only one motion to reopen, which must be filed within 90 days of a final administrative decision. 8 C.F.R. § 1003.2(c)(2). Here, the BIA did not abuse its discretion in denying Osele's motions as untimely filed where his appeal was dismissed in January 2004, and he did not file the motions until more than nine months later. Osele is also not entitled to equitable tolling of the filing deadline based on an ineffective assistance of counsel claim where he did not substantially adhere to the requirements in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993) (adopting the requirements created in *Matter of Lozada* ).

In addition, the BIA did not abuse its discretion in denying Osele's motion, where he provided no evidence to prove that he failed to receive the BIA's dismissal of his appeal. "Service by mail .... shall be sufficient if there is proof of attempted delivery to the last address provided by the alien." 8 U.S.C. § 1229(c). "A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered." *Hoffenberg v. CIR,* 905 F.2d 665, 666 (2d Cir. 1990). Simple denial of receipt, without

supporting evidence, is insufficient to rebut the presumption. *Akey v. Clinton County,* 375 F.3d 231, 235 (2d Cir.2004). Here, the BIA sent Osele its decision to dismiss his case at the address he had provided when he filed his notice of appeal. Unlike his previous documents, the BIA's dismissal was not returned by the post office as undeliverable. It therefore is presumed to have arrived.

Accordingly, the petition for review and the motion to expedite release from detention are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).