■ In the Matter of DONALD HARNER, Appellant, v COUNTY OF TIOGA, Respondent. [783 NYS2d 685]—

Mugglin, J. Appeal from a judgment of the Supreme Court

(Rumsey, J.), entered November 7, 2003 in Tioga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a tax foreclosure sale of real property.

Petitioner, who at all times relevant herein resided at 105 Auburn Road, in the Town of Lansing, Tompkins County, purchased premises in 1982 at 34 West Tioga Street, in the Town of Spencer, Tioga County. In 1993, the tax assessment roll was amended to change petitioner's address from the Lansing address to "Donald Harner, c/o Glenda Winnie, POB 505, 34 W. Tioga Street, Spencer, NY 14883." Both petitioner and Winnie deny requesting this change, although the record reflects that petitioner sold the property to Winnie and her husband by unrecorded land contract which requires the Winnies to pay the real property taxes. The record further reflects that in 1996 and again in 1998, respondent instituted tax foreclosure proceedings by mailing notices to the Spencer address. Petitioner denies knowledge of these proceedings and the record does not reflect who redeemed the property from these prior proceedings. In 2002, respondent instituted a third tax foreclosure proceeding. In an attempt to comply with the dictates of RPTL 1125, respondent sent, by certified mail, the notice to petitioner at the Spencer address. When this notice was returned marked "unclaimed," respondent sent an additional notice by first class mail, which was not returned. On this occasion, the property was not redeemed and respondent acquired title. When petitioner subsequently discovered this, he instituted this proceeding seeking to set aside the tax foreclosure judgment, alleging that he did not receive the notice required by RPTL 1125. Supreme Court dismissed the petition finding that respondent satisfied the requirements of both the statute and due process. Petitioner appeals and we reverse.

Due process is not satisfied until sufficient steps, reasonably calculated to give the adverse party notice of the pending proceeding, have been taken (*see Mullane v Central Hanover Trust Co.*, 339 US 306, 314 [1950]). In a tax foreclosure proceeding, due process requires that a reasonable search of the public records be made where a notice of foreclosure sent by ordinary mail was returned as "not deliverable as addressed unable to forward" (*see Kennedy v Mossafa*, 100 NY2d 1, 5 [2003]).* Contrary to respondent's argument, for due process purposes we discern no difference between certified mail that is "undeliverable" and certified mail that is "unclaimed" (*see Prisco v County*

---

* Since the *Kennedy* decision, RPTL 1125 (1) was amended to require owners to be notified by certified mail.

*of Greene*, 289 AD2d 681, 683 [2001]). Under either scenario, respondent is alerted to the "possibility of inadequate notice" (*id.* at 683) and should, therefore, conduct a reasonable search of the public records. Here, respondent's own assessment roll prior to 1993 and the County Clerk's records both contain petitioner's correct address.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition granted.