[833 NE2d 255, 800 NYS2d 112]

In the Matter of DONALD HARNER, Respondent, v COUNTY OF TIOGA, Appellant.

Argued June 8, 2005; decided June 30, 2005

## POINTS OF COUNSEL

*Levene Gouldin & Thompson, LLP,* Binghamton (*Jason M. Carlton* of counsel), for appellant. I. The Appellate Division's decision below misapplied the prior holdings of this Court and improperly analyzed the question of whether the Due Process Clause in the New York and United States Constitutions had been satisfied. (*Mullane v Central Hanover Bank & Trust Co.,* 339 US 306; *Dusenbery v United States,* 534 US 161; *Kennedy v Mossafa,* 100 NY2d 1; *Matter of Zaccaro v Cahill,* 100 NY2d 884.) II. When the proper balancing test is conducted in the instant case, the County of Tioga's actions were reasonable and due process certainly was achieved. (*Kennedy v Mossafa,* 100 NY2d 1.) III. The Appellate Division's holding as to what constitutes a reasonable search of the public record places an unreasonable burden upon county governments and in most cases such requirements will not yield the location of a correct address for the property owner. (*Kennedy v Mossafa,* 100 NY2d 1; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306.) IV. The Appellate Division's determination that there is no difference for purposes of due process between mail which is returned to a county as "undeliverable" and mail which is returned to the county and marked "unclaimed" is patently incorrect for the reason that it ignores the important difference between these two labels; moreover, the Appellate Division's holding that there is no difference for purposes of due process calls into question the constitutionality of another important state statute. (*Kennedy v Mossafa,* 100 NY2d 1; *Cummins-Allison Corp. v Bargarnik,* 146 Misc 2d 1042; *Cohen v Banks,* 160 Misc 2d 159; *Matter of Ageloff,* 274 AD2d 179.)

*Holmberg, Galbraith, Van Houten & Miller,* Ithaca (*Dirk A. Galbraith* of counsel), for respondent. I. Respondent failed to provide petitioner with notice of the tax foreclosure proceeding as required by Real Property Tax Law § 1125. (*Kennedy v Mossafa,* 100 NY2d 1; *Akey v Clinton County, N.Y.,* 375 F3d 231; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306; *Matter of Zaccaro v Cahill,* 100 NY2d 884.) II. A reasonable search of the public record would have revealed petitioner's address. (*Kennedy v Mossafa,* 100 NY2d 1; *Matter of City of Newburgh [Chase Mtge. Co.—W.],* 291 AD2d 405; *Sendel v Diskin,*

277 AD2d 757; *Akey v Clinton County, N.Y.,* 375 F3d 231.) III. Respondent is obligated to conduct a search of the public record for petitioner's correct address when the notice of foreclosure is returned as "unclaimed." (*Kennedy v Mossafa,* 100 NY2d 1; *Prisco v County of Greene,* 289 AD2d 681.) IV. The failure of petitioner to investigate the status of his tax bills is no defense to this proceeding. (*Matter of Zaccaro v Cahill,* 100 NY2d 884; *Kennedy v Mossafa,* 100 NY2d 1; *Mennonite Bd. of Missions v Adams,* 462 US 791; *Seine Bay Realty v Jones,* 112 AD2d 573; *Prisco v County of Greene,* 289 AD2d 681.)

## OPINION OF THE COURT

CIPARICK, J.

Once again we consider whether a county provided a property owner constitutionally adequate notice of a foreclosure proceeding upon a tax delinquency. Applying the test set forth in *Kennedy v Mossafa* (100 NY2d 1 [2003]), we conclude that due process was satisfied in this case where the notices of foreclosure sent by certified mail pursuant to RPTL 1125 (1) (a)[1] were returned "unclaimed," but the ordinary mailings were not, and the County took no steps to obtain an alternative address.

In 1982, petitioner Donald Harner purchased the property at issue, a single family residence located at 34 West Tioga Street, Town of Spencer, Tioga County. Approximately eight years later, in 1990, Harner agreed to convey the subject property to George and Glenda Winnie by land contract, which obligated the Winnies to pay all real property taxes and assessments levied on the premises. Harner remained owner of record on the relevant tax rolls of the Town of Spencer.

In 1993, the tax rolls demonstrated that Harner's mailing address for purposes of the subject property was 105 Auburn Road, Town of Lansing, Tompkins County. In 1994, the tax rolls were amended to change his address to "Harner, Donald, c/o Glenda

---

1. Section 1125 (1) provides in pertinent part:

"The enforcing officer shall on or before the date of the first publication of the notice above set forth cause a notice to be mailed to (a) each owner by certified mail and any other person by ordinary first class mail whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed, which right, title or interest will be affected by the termination of the redemption period, and whose name and address are reasonably ascertainable from the public record . . . ."

Former RPTL 1125 (1) (a), which was effective at the time of the *Kennedy* decision, required service by first class mail, not certified mail.

Winnie, 34 West Tioga St, PO Box 505, Spencer, NY 14883." Both Harner and Mrs. Winnie deny requesting this address change. However, as it appeared in the tax rolls, the County of Tioga subsequently mailed all tax bills and notices regarding the property to the Town of Spencer address.

In 1996 and again in 1998, the County commenced tax foreclosure proceedings against the subject property sending all notices to Harner care of the Winnies at 34 West Tioga Street, Spencer, New York. While Harner denies knowledge of those proceedings, the property was redeemed on both occasions.[2] In December 2002, the County instituted a third tax foreclosure proceeding. The County mailed notice, by certified mail, and ordinary first class mail to Harner at the Spencer address, which appeared on the tax rolls. In addition, the County published notice of the foreclosure proceeding in a local newspaper and posted notice in the Tioga County Courthouse and the offices of the County Clerk and County Treasurer (see RPTL 1124).

The County later amended its petition and notice of foreclosure, and similarly mailed the amended notice by both certified and first class mail. It also published and posted public notices. Eventually, however, the post office returned both certified mailings of the original notice and the amended notice, each stamped with the notation "unclaimed." The County mailed another copy of the amended petition as well as subsequent notices regarding the foreclosure to the Town of Spencer address via first class mail. The first class mailings were never returned to the County.

In May 2003, upon the failure of anyone to redeem the property, the County acquired title to the premises. Thereafter, Harner commenced this CPLR article 78 proceeding for a judgment setting aside the tax deed and declaring him the owner of the property with the right to redeem it. Supreme Court dismissed the petition on the ground that the County satisfied the notice requirements of RPTL 1125 and due process. The Appellate Division reversed, on the law, and granted the petition holding that the notice failed to satisfy due process requirements. By analogy to returned mail that is marked "undeliverable," the Court reasoned that the "unclaimed" notation on the certified mailings alerted the County to the possibility of inadequate notice and thereby required it to conduct a reasonable search of the public record beyond the relevant tax rolls. We granted leave, and now reverse.

---

2. The record is silent as to who redeemed the property.

Under both the federal and state constitutions, the State may not deprive a person of property without due process of law (US Const 14th Amend; NY Const, art I, § 6). It is well settled that the requirements of due process are satisfied where "notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see also Kennedy v Mossafa*, 100 NY2d 1, 9 [2003]). Due process is a flexible concept, requiring a case-by-case analysis that measures the reasonableness of a municipality's actions in seeking to provide adequate notice. A balance must be struck between the State's interest in collecting delinquent property taxes and those of the property owner in receiving notice (*see Kennedy*, 100 NY2d at 9; *see also Matter of Zaccaro v Cahill*, 100 NY2d 884, 890 [2003]). In striking such balance, the courts may take "into account the status and conduct of the owner in determining whether notice was reasonable" (*Kennedy*, 100 NY2d at 11, citing *Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 700 [1991]).

Applying these principles, we recently held that notice in a tax foreclosure proceeding was sufficient where the county mailed notice to the address on the tax roll but did not search the public record after the notice was returned as " 'not deliverable as addressed unable to forward' " (*Kennedy*, 100 NY2d at 5). We recognized that generally the municipality should conduct a reasonable search of the public record when the notice is returned undeliverable. However, we concluded that there "the attempted personal notice, coupled with posting and publication, satisfied due process" (*id.* at 11). There, among other things, the plaintiff's failure to update her address—and her payment of previous bills delivered to the challenged address—gave the county reason to believe that it had her correct contact information.

Considering all the relevant factors, the instant facts present an even stronger case for a finding that the notice procedure employed satisfied due process. The County was not required to do more. Here, pursuant to RPTL 1125 (1) (a), the County mailed notices to Harner by certified mail. The County also mailed notices by first class mail, and both published and posted public notices of the foreclosure proceeding. Only the certified mailings were returned as "unclaimed," which for purposes of the Postal Service means that the "[a]ddresee abandoned or

failed to call for [the] mail" (United States Postal Service Domestic Mail Manual part 507, exhibit 1.4.1 <http://pe.usps.gov/text/dmm300/507.htm> [last updated June 9, 2005], cached at <http://www.courts.state.ny.us/reporter/webdocs/USPS_DMM_part507.htm>). Given the implication of such endorsement—which does not on its face indicate that an address is invalid as the notation "undeliverable" implies—and that none of the first class mailings were returned, the County reasonably believed that Harner was attempting to avoid notice by ignoring the certified mailings.

Harner was listed as record owner of the property on the relevant tax rolls for eight years preceding this foreclosure action without any question ever having been raised about the accuracy of his mailing address. To be sure, the subject premises had twice before been redeemed upon notice delivered to the address appearing therein. Further, the unrecorded land contract provided that the Winnies were to be held responsible for the taxes levied on the subject property. However, Harner's reliance on the Winnies in this manner had no effect on his status as record owner of the premises. Clearly, the private contract—absent the recording of a deed or other public filing—did not apprise the County that it no longer had the proper address for tax collection purposes.

Harner's contention—that he was unaware that his mailing address on the tax rolls was improperly changed from his residential address in Lansing to the Spencer address—is of no consequence under the circumstances presented. He certainly can be said to have acquiesced in this address change. The address change occurred in 1994, and from that time until 2002—when this tax foreclosure proceeding was instituted—Harner made no attempt to verify his mailing address with the County. This despite his claim not to have received any tax bills during the relevant period.

As record owner, Harner bore the responsibility of updating his address to protect his ownership interests. His failure to fulfill this duty does not render the County's procedures constitutionally infirm as it attempted personal notice through both certified and first class mailings, fully complying with RPTL 1125 (1) (a), and published and posted public notices as also required by statute (RPTL 1124). Thus, under the circumstances of this case, the notice procedures satisfied due process.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.