■ TEMPLE BNAI SHALOM OF GREAT NECK, Appellant, v VILLAGE OF GREAT NECK ESTATES et al., Respondents, et al., Defendants. [820 NYS2d 104]—

In an action, inter alia, for a judgment declaring a certain tax deed void, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), dated May 25, 2005, which, upon an order of the same court dated May 4, 2005, inter alia, granting the cross motion of the defendant Florence Risman for summary judgment on her counterclaim to quiet title and, in effect, upon renewal, adhering to a prior determination of the same court denying that branch of the plaintiff's motion which was for leave to amend the complaint, barred the plaintiff from asserting any claims to the subject real property and declared that the defendant Florence Risman has absolute and unencumbered title in fee simple to the subject property.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents.

The Supreme Court properly determined that the plaintiff did not have standing to challenge the constitutionality of the sale of the tax lien to the defendant Florence Risman and the notice provided by the defendant Village of Great Neck Estates with respect thereto (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769 [1991]; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9 [1975]). The plaintiff was not the record owner of the property subject to the lien at the time of the sale and failed to demonstrate that it suffered a cognizable injury as a result of any actions by the village (*see Matter of Galvani v Nassau County Police Indem. Review Bd.,* 242 AD2d 64, 67 [1998]; *see also NYCTL 1996-1 Trust v King,* 304 AD2d 629, 630-631 [2003]; *Bancplus Mtge. Corp. v Galloway,* 203 AD2d 222, 223 [1994]).

Furthermore, with respect to the notice of redemption, Risman provided the plaintiff with sufficient notice of the right to redeem the tax lien by sending notice by certified mail to the plaintiff, to the plaintiff's president, and to the former owner, who was also the president's spouse. The fact that the notices were returned "unclaimed" after numerous attempts at delivery did not render the notices deficient (*see Matter of Harner v County of Tioga,* 5 NY3d 136, 138 [2005]), as "the means selected for providing notice was 'reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity' " to redeem the outstanding tax lien (*Matter of Beckman v Greentree Sec.,* 87 NY2d 566, 570 [1996], quoting *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314 [1950]; *see Kennedy v Mossafa,* 100 NY2d 1, 9-10 [2003]).

Contrary to the plaintiff's contention at oral argument, the recent decision in *Jones v Flowers* (547 US —, 126 S Ct 1708 [Apr. 26, 2006]) does not compel a different conclusion. While the United States Supreme Court determined that an unclaimed certified mail notice sent to the property owner's former address, without more, was insufficient to satisfy the requirements of due process under the circumstances there presented, *Jones v Flowers* (*supra*) involved a certified mailing of a notice of tax lien sale by a governmental official to a single address, and there was proof that the property owner had moved and that "[n]obody was home to sign for the letter" (547 US at —, 126 S Ct at 1712). Under those circumstances, a majority of the Court reasoned that the State could not simply do nothing once it learned that the notice was unclaimed, but had to attempt some other means of providing notice to the property owner if practicable.

*Jones v Flowers (supra)* is factually inapposite to the matter before us. Indeed, in the case at bar, the notice of tax lien sale had already been given, and the sale itself had already occurred. The certified mail notice in this case concerned the right to redeem, and it was sent not by a governmental entity or official, but by the private citizen who previously had purchased the tax lien. Additionally, it is conceded that multiple mailings were sent to the various potential recipients at their current and correct addresses, and were returned unclaimed only after repeated attempts at delivery had been made. Moreover, there is no suggestion in this record that any of the potential recipients was not at home or was otherwise legitimately unavailable to sign for the mailing. Accordingly, considering the "unique information about [the] intended recipient[s]" (547 US at —, 126 S Ct at 1716) which can be gleaned from the history of this matter, and taking "into account the status and conduct of the owner in determining whether notice was reasonable" (*Kennedy v Mossafa, supra* at 11), the defendants could reasonably draw the strong inference that the intended recipients simply were "attempting to avoid notice by ignoring the certified mailings" (*Matter of Harner v County of Tioga, supra* at 141; *see Matter of County of Clinton [Bouchard]*, 29 AD3d 79 [2006]), and that attempts at alternative methods of giving notice were unnecessary and would prove futile.

The Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint (*see Evans v Ellis*, 13 AD3d 577 [2004]).

The plaintiff's remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in view of the foregoing. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.