OPINION OF THE COURT
Lewis J. Lubell, J.
The novel issue presented in this challenge to a Real Property Tax Law article 11 in rem tax lien foreclosure proceeding is whether the foreclosing municipality afforded the property owners adequate notice of their constitutionally protected right of redemption where such notice of same was forwarded to the property owners merely by way of certified mail, return receipt requested, where said mailing was returned to the municipality “as not deliverable as addressed.” The court answers the question in the negative.
On November 20, 1997, Jeanette Helseth and Ola Helseth purchased a four-acre parcel of property on Sutton Road, Warwick, New York. Approximately one year later, they subdivided the property into two two-acre lots. They improved lot 1 with a home into which they moved. Lot 2 remains unimproved.[1]
Thereafter, the Helseths sold lot 1, vacated the house, and moved into an apartment at 1 Amity Road, Warwick, New York (the Amity Road address or Amity Road apartment). The Helseths retained ownership of vacant lot 2 which is the subject of this application by the Helseths for, among other things, an order affording them the opportunity to retain lot 2 upon their payment to the County of Orange of back taxes and interest due thereon.[2]
The Helseths currently stand before the court as the successful bidders at the foreclosure sale of lot 2 with a winning bid of $150,000, which is some $125,000 over the $25,000 minimum bid set forth in the underlying tax foreclosure auction brochure.[3]
In or about 2002, the Helseths moved out of the Amity Road apartment to reside with Mrs. Helseth’s mother at 90 Sanford- *206 ville Road, Warwick, New York (the Sanfordville Road address) where they have continuously resided since their move from the Amity Road address. For at least the last two years, lot 2 has been listed for sale with a real estate broker.
Mrs. Helseth claims that in 2004, approximately two years after having moved out of her Amity Road apartment, her former Amity Road landlord advised her that he was in possession of mail that was addressed to her and Mr. Helseth at the Amity Road address and which had been delivered there. Upon retrieving the mail, Mrs. Helseth observed that it was a property tax bill for lot 2. In response, Mrs. Helseth claims to have filed a change-of-address form with the Assessor’s Office of the Town of Warwick thereupon indicating her then current and still viable Sanfordville Road address.[4] Mrs. Helseth further contends that when on September 14, 2005 she attempted to pay delinquent taxes at the Receiver of Taxes Office of the Town of Warwick, she was told that there existed a tax delinquency and, as such, she would have to pay the taxes at the Office of the Commissioner of Finance for the County of Orange. Upon paying the taxes as and where directed, Mrs. Helseth avers that she also gave the Orange County Commissioner of Finance her Sanfordville Road address.[5]
Notwithstanding her asserted change-of-address notifications, Mrs. Helseth contends that she has not received a tax bill for lot 2 since she last paid the property taxes in 2005, i.e, almost three years before the filing of this order to show cause. Admittedly, “[although [she] knew that [she] owed taxes, [she] always had the property for sale, and . . . thought that [she] would be able to pay the back taxes as soon as [she] sold it” (affidavit in support of Jeanette Helseth, Aug. 18, 2008, ¶ 14). Mrs. Helseth claims to have first received notice of the tax lien foreclosure proceeding when on August 14, 2008 she was told by her real estate broker.
In opposition to the motion, petitioner County of Orange notes that there is proof before the court that on October 16, 2007, a notice of foreclosure and petition of foreclosure were forwarded by certified mail, return receipt requested, and *207 ordinary first class mail to the Helseths at their Amity Road address, i.e., the address as appears on the Town of Warwick’s tax rolls. Although the certified mailing came back “unclaimed,” the ordinary first class mail was not returned.
In addition to these mailings, the County indicates that a notice of foreclosure in the prescribed form was published in each of three nonconsecutive weeks in a two-month period in at least three newspapers so designated for such publication. Furthermore, a notice of foreclosure was posted at the counter at the Department of Finance located at the Orange County Government Center, Goshen, New York, as well as on a bulletin board located in the public area of the Orange County courthouse which is also located in the Orange County Government Center. Thereafter, a notice of foreclosure was posted on the subject property. Upon the Helseths’ default, a judgment awarding title and possession of the property to the County of Orange was signed on June 11, 2008.
On June 16, 2008, a June 12, 2008 letter enclosed in an envelope addressed to the Helseths at the Amity Road address containing a form letter addressed to “To Whom it May Concern” was forwarded to the Helseths by certified mail, return receipt requested. Among other things, the enclosed form letter advises the intended recipients of the conveyance of title to “the above captioned parcel” to the County of Orange and of the opportunity of “the previous owner of record [the intended recipients] to purchase his or her parcel back from the County through the release of the County’s interest” as may be permitted by the Orange County Department of Finance. A final property redemption date of August 7, 2008 is noticed therein, the procedures one would need to follow to effectuate the purchase, and at what price.[6]
An examination of this form letter reveals not only the absence of any identified “above captioned parcel,” but also the lack of the name or address of the intended recipients thereof. More significantly, however, the envelope in which this mailing was enclosed was eventually returned to the County of Orange as “not deliverable as addressed.”
Pursuant to the judgment of foreclosure, lot 2 was conveyed to the County on August 7, 2008, which, as noticed in the letter *208 of June 12, 2008, was the last day to redeem the “above captioned parcel.” August 7, 2008 is also a mere one week before Mrs. Helseth first became aware that any proceedings against the property had been commenced.
The tax auction took place on August 19, 2008 at 9:30 a.m. Mrs. Helseth was the successful bidder at a price of $150,000, which is $125,000 over the minimum bid set forth in the 2008 deed sale brochure. The County was served with the instant order to show cause, with a stay, on August 19, 2008 at 12:40 p.m, i.e., approximately three hours after the pubic auction.
Under both the federal and state constitutions, the State may not deprive a person of property without due process of law (US Const 14th Amend; NY Const, art I, § 6). It is well settled that the requirements of due process are satisfied where “notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see also Kennedy v Mossafa, 100 NY2d 1, 9 [2003]; Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]).
Taking into account the above-enumerated actions of the County in attempting to notify the Helseths of the pendency of the tax lien foreclosure proceedings, including the publication and postings of notification of same, the court is satisfied that the notice procedure employed by the County satisfies constitutional due process requirements as is more fully set forth herein. The fact that the certified mailing of the envelope containing the notice of foreclosure and petition of foreclosure was returned “unclaimed” does not warrant a different result, even in the face of the asserted change-of-address notification to the Town of Warwick.[7]
The reasonableness of the County’s actions is supported by the fact that the regular first class mailing of the envelope containing the notice of foreclosure and petition of foreclosure to the Helseths was never returned to the County and the copy forwarded by certified mail, return receipt requested, although returned, was returned “unclaimed.” The Court of Appeals in Matter of Harner v County of Tioga (supra) expressly recognized *209 the different implications of an “unclaimed” endorsement as compared to an “undeliverable” one. While “[unclaimed] does not on its face indicate that an address is invalid . . . the notation ‘undeliverable’ [does]” (id. at 141). It was reasonable in Hamer, as it is here, for the County to have believed that the property owner was attempting to avoid notice by disregarding the certified mailings (id.; see also RPTL 1125 [1] [b] [i] [“(Notice shall be deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within forty-five days after being mailed”]).
The facts currently before the court are not materially different from those in Matter of Harner v County of Tioga (supra). Upon a finding that there was “no consequence under the circumstances presented” to the County’s forwarding of a notice of a tax lien foreclosure proceeding to a property owner at an address change neither requested by him nor about which he was aware, the court deemed the property owner to have acquiesced to the 1994 address change upon his failure to have made any attempt at verifying that his correct mailing address was of record from the date of the change of address to the 2002 commencement of the tax foreclosure proceeding, despite his claim not to have received any tax bills during the relevant period. (Harner at 141.) Although there are cases in which a municipality cannot simply do nothing upon learning that a certified mailing had gone unclaimed (see Jones v Flowers, 547 US 220, 223-224 [2006] [an unclaimed certified mail notice to the property owner’s former address, without more, is insufficient to meet due process standards under circumstances presented; certified mailing of notice of tax lien sale by a governmental official was to a single address, with proof that property owner had moved and “[n]obody was home to sign for the letter”]), the case sub judice is sufficiently distinguishable for the reasons herein stated including the noted multiple other methods and attempts at notification.
Upon application of the “flexible concept” of due process to the particular facts of this case to determine the reasonableness of the County’s actions in seeking to provide the Helseths with adequate notice of the tax lien foreclosure proceedings, and upon striking a balance between the County’s interest in collecting delinquent property taxes and the corresponding interest of the Helseths in receiving notice, the court may consider the status and conduct of the Helseths (Matter of Harner v County of Tioga at 140, citing Kennedy v Mossafa at 9; Matter of *210 Zaccaro v Cahill, 100 NY2d 884, 890 [2003]). Having allegedly filed a written notification of a change-of-address with the Town of Warwick, which notification the court has accepted as true for the purposes of the applications before the court, the Helseths failed to make any further inquiry to determine whether the change-of-address notification had ever been processed by the Town of Warwick notwithstanding their admitted lack of receipt of any tax billing notifications at their Sanfordville Road address from the date of their April 12, 2004 change-of-address notification to the date of Mrs. Helseth’s August 18, 2008 affidavit presented herein. Admittedly, the Helseths chose instead to wait for their incorrectly assumed infinite opportunity to pay back taxes upon the sale of the lot 2.
The recognized distinction between a certified mailing that is returned “unclaimed” from one which is returned “undeliverable” hardly assisted the Helseths in their challenge to the County’s notification of the underlying tax lien foreclosure proceedings. The same cannot be said, however, as to how that distinction comes into play with respect to the Helseths’ right of redemption allowed by Local Law No. 7 (2001) of Orange County.
Notice of a right to redeem one’s property from the municipality into which title vests following a tax lien foreclosure sale enjoys constitutional procedural due process protection (Facchin v Pekich, 232 AD2d 447 [2d Dept 1996]; Kahre-Richards Family Found. v Village of Baldwinsville, 152 AD2d 920 [4th Dept 1989]). Notices of redemption forwarded by certified mail, return receipt requested, but returned “unclaimed” after numerous attempts at delivery do not render such notices deficient (see Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391, 392 [2d Dept 2006], citing Matter of Harner v County of Tioga, 5 NY3d 136, 138 [2005]) where “the means selected for providing notice was ‘reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity’ ” of redemption (Temple Bnai Shalom of Great Neck v Village of Great Neck Estates at 392, quoting Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see Kennedy v Mossafa, 100 NY2d 1, 9-10 [2003]).
However, constitutional due process requirements attendant to one’s right to redeem property from a municipality following a tax lien foreclosure have not been met where, as here, the *211 municipality sends notification to the property owner of his or her constitutionally protected right to redemption by only one means, certified mail, return receipt requested, where said mailing is returned as “not deliverable as addressed,” since such a notation, on its face, carries the indicia that the address is “invalid” (Matter of Harner v County of Tioga at 140-141). This is especially so where, as here, the presumptive status of the address to which notifications have been forwarded changes from one at which a recipient is attempting to avoid notification to that of an invalid address (see Matter of Harner v County of Tioga at 140-141). Worthy of note but not a necessary factor in the determination reached herein is the fact that the notice of the right of redemption, even if received, failed to identify the very parcel to which it relates.
Under the limited circumstances presented, this court cannot conclude that the means used to notify the Helseths of their constitutionally protected right of redemption was “reasonably calculated” to effectuate same (see Mullane v Central Hanover Bank & Trust Co. at 314).
Based upon the foregoing, it is hereby ordered, that the court hereby grants the application to the extent that the court hereby annuls and vacates the County of Orange’s June 12, 2008 notice to the Helseths of their right to redemption of lot 2 identified on the tax maps of the Town of Warwick as section 41, block 1, lot 45.22; and, it is further ordered, that, within 10 days of the date of service of a copy of this decision and order with notice of entry, the County of Orange is hereby directed to forward to the Helseths a newly issued right of redemption under the same terms and conditions as set forth in the June 12, 2008 notification, with an expiration date that is no shorter than that which was originally allowed when measured from the date of the original mailing of the notice to the date of original expiration of the right of redemption; and, it is further ordered, that said notice of redemption shall be sent to the Helseths by certified mail, return receipt requested, at 90 Sanfordville Road, Warwick, New York 10990 and to the office of their attorney by regular first-class mail.

. Lot 2 is identified on the tax maps of the Town of Warwick as section 41, block 1, lot 45.22.

. For the most part, the application is supported by the affidavit of Mrs. Helseth, which is submitted on behalf of herself and her husband, Mr. Helseth.

. “Minimum bid” is defined in the 2008 Deed Sale auction brochure as the “[minimum] amount of money the County of Orange will sell property for at an auction, which is not less than the amount of back taxes.”

. While a copy of a completed change-of-address form is attached as an exhibit to the Helseth’s papers, there is no objective proof of its delivery to the Assessor’s Office of the Town of Warwick (by way, for example, of a certified, return receipt mailing) or of the Town of Warwick’s receipt thereof (by way, for example, of a stamped receipt thereon).

. Whether or not this was in writing is unclear.

. As per the June 12, 2008 letter, the redemption price is the “total of the outstanding real property taxes and any applicable charges . . . due at the time the sale is approved.”

. The court places no significance on the asserted notification to the County. There is no indication as to whether this was oral or in writing and, if in writing, there is no proof of same. In any event, it is not disputed that the County receives the names and addresses of delinquent property owners from the towns in which the delinquent properties are found, here Warwick.