Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered November 10, 2008, which, to the extent appealed from, denied defendant Arthur Brown’s motion for summary judgment on his counterclaim and plaintiffs cross motion for summary judgment declaring that it is not obligated to satisfy a default judgment obtained by Brown against defendant Albertano Batista, modified, on the law, to the extent of granting Brown’s motion and declaring that plaintiff is obligated to satisfy the said judgment in the amount of $81,830, together with interest from July 19, 2007, and otherwise affirmed, without costs.
On November 12, 2002, Brown was involved in a motor vehicle accident with Batista, American Transit Insurance Company’s (ATIC) insured. ATIC acknowledged receipt of Brown’s third-party claim by letter dated January 28, 2003. Brown settled his claim for property damage with ATIC and commenced a personal injury action against Batista on November 9, 2005. Brown forwarded copies of the summons and complaint to ATIC on or about January 26, 2006. These copies were mailed to ATIC at the address set forth in its January 2003 letter. Unbeknownst to Brown, however, ATIC had moved its offices in November 2003. Upon Batista’s failure to appear in the action, *448 Brown moved for a default judgment and proceeded to inquest on June 21, 2007. The underlying judgment in the amount of $81,830 was entered in favor of Brown against Batista on July 19, 2007. Pursuant to Insurance Law § 3420 (a) (2), Brown served copies of the unsatisfied judgment with notices of entry upon ATIC and Batista on August 9, 2007. ATIC promptly issued a letter of disclaimer and commenced this declaratory judgment action on the ground that neither Batista nor Brown gave it timely notice of the underlying lawsuit as required by Batista’s insurance policy. Supreme Court denied Brown’s motion and ATIC’s cross motion for summary judgment on the ground that additional discovery was needed. We find that Brown’s motion should have been granted for reasons that follow.
ATIC asserts that Batista and Brown failed to immediately furnish it with copies of the underlying summons and complaint as required by the policy. ATIC does not cite any relevant policy provision in its brief or the affidavits it submitted below. Nevertheless, in its letter of disclaimer, ATIC quotes and relies upon paragraph 11 of the policy’s insuring agreements, which provides, in relevant part, that “[i]f any suit is brought against the Insured to recover such damages the Insured shall immediately forward to the Company every summons or other process served upon him.” However, paragraph 11 follows paragraph 9, which provides that “[t]he following provisions . . . shall apply between the Company and the Insured but shall not prejudice the right of any person other than the Insured to recover hereunder.” Therefore, under the terms of ATIC’s policy, the failure to comply with the notice requirement does not preclude Brown’s third-party claim under Batista’s policy with ATIC.
In a proper case, the failure to satisfy a notice requirement “may allow an insurer to disclaim its duty to provide coverage” (see American Tr. Ins. Co. v Sartor, 3 NY3d 71, 76 [2004]). In this regard, ATIC asserts that Brown breached the policy’s notice requirement by forwarding the summons and complaint to its former address instead of its then current address. A failure to satisfy an insurance policy’s notice requirement does not vitiate coverage where there is a valid excuse (cf. Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1055 [1991]). Brown has, in any event, demonstrated a valid excuse for forwarding the summons and complaint to ATIC’s former address in that he was never notified of its change of address. Prior to the suit, ATIC’s last correspondence to Brown set forth the former address. ATIC’s allegation that it had “sent out a post card to claimants *449 and attorneys who had filed any claims against us during that time” rings hollow as it does not claim that any specific notification was sent to Brown or his counsel. Equally unavailing is ATIC’s assertion that its new address was printed on a check forwarded to Brown’s counsel in settlement of an unrelated matter. An address on a check alone does not suffice as notice that it is the address to which notices should be sent (see Kennedy v Mossafa, 100 NY2d 1, 10 [2003]). As noted above, we merely find that Brown has demonstrated a reasonable excuse for his failure to satisfy the policy’s notice requirement. We disagree with the dissent’s contention that this finding shifts a burden to ATIC. Concur—Renwick, DeGrasse and Freedman, JJ.