■ In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article Eleven of the Real Property Tax Law, by ORANGE COUNTY COMMISSIONER OF FINANCE, Appellant. JEANETTE HELSETH et al., Respondents. [899 NYS2d 894]—

In a proceeding in rem pursuant to RPTL article 11 to foreclose tax liens, the petitioner appeals from an order of the Supreme Court, Orange County (Lubell, J.), dated February 23, 2009, which, in effect, granted that branch of the respondents' motion which was to allow them to pay back taxes and interest due with respect to their property to the extent of vacating the notice to redeem dated June 12, 2008, and directing the petitioner, inter alia, to re-serve the notice to redeem by certified and ordinary mail.

Ordered that the order is affirmed, with costs.

The courts have consistently found that mailing certain notices by certified and ordinary mail satisfies the due process requirements of the United States Constitution (*see Jones v Flowers*, 547 US 220 [2006]; *Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]). Here, a notice of foreclosure, sent by certified mail, was returned as "unclaimed." Furthermore, the appellant, the Orange County Commissioner of Finance, took additional steps to notify the respondents of the foreclosure proceeding as specified in RPTL article 11. These steps included posting notices of the foreclosure proceeding on the property, at the County courthouse, and at the Orange County Department of Finance, and publishing notice in at least three newspapers. Therefore, the requirements of due process were satisfied (*see Matter of Harner v County of Tioga*, 5 NY3d at 140-141). The appellant provided notice that was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]).

However, the appellant failed to provide adequate notice of the respondents' opportunity to obtain a release of the appellant's interest in their property after the expiration of the statutory redemption period pursuant to Local Law No. 7 (2001) of County of Orange. A letter dated June 12, 2008, was sent solely by certified mail advising the respondents, for the first time, of an opportunity to obtain a release of the appellant's interest in their property pursuant to Local Law No. 7 (2001) of County of Orange. It was returned as "undel[iverable] as addressed," which indicated that the address was invalid (*see Matter of Harner v County of Tioga*, 5 NY3d at 141). Under these circumstances, the appellant was obligated to take reasonable steps to ascertain a correct address for the respondents (*id.* at 140). While it is true that "[a] reasonable search of the public record . . . does not necessarily require searching the Internet, voting records, motor vehicle records, the telephone book or other sim-

ilar resource" (*Kennedy v Mossafa*, 100 NY2d 1, 10 [2003]), the appellant did not show that there were no reasonable steps that could have been taken to ascertain the respondents' correct address.

The appellant's remaining contentions are either not properly before this Court, or without merit. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur. **[Prior Case History: 24 Misc 3d 204.]**