■ ROBERT MCDOWELL, Appellant, v JOSEPH GROSZ, JR., et al., Defendants and Third-Party Plaintiffs-Respondents. COUNTY OF CHEMUNG, Third-Party Defendant-Respondent. [917 NYS2d 432]—

Lahtinen, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered March 17, 2010 in Chemung County, which granted third-party defendant's motion for summary judgment dismissing the complaint and the third-party complaint.

Third-party defendant, County of Chemung, commenced an RPTL article 11 action to foreclose, for delinquent taxes, on real property owned by plaintiff in the City of Elmira, Chemung County. Notice to plaintiff included certified and first class mailings, with the certified letter returned as "unclaimed." Plaintiff defaulted, resulting in a judgment entered in February 2006 and a deed recorded on March 6, 2006 transferring the property to the County. An auction was scheduled for the end of March 2006 and, in mid-February 2006, the County notified plaintiff via mail to the same address previously used that he could repurchase the property by paying 110% of the delinquent taxes (plus interest, penalties and costs) with a 50% down payment and the remainder paid by March 31, 2006.

Plaintiff made a 50% down payment of $2,126.57 on March 2, 2006. He failed, however, to tender the remaining amount by March 31, 2006. The County nevertheless did not immediately auction the property, but instead sent reminder letters to plaintiff and extended the deadline to May 31, 2006 and then to February 28, 2007. With the final payment not received by the end of February 2007, the property was sold at auction to defendants for $24,000 on March 28, 2007.

In July 2007, plaintiff brought this action pursuant to RPAPL article 15 contending, among other things, that he remained the rightful owner. Defendants then commenced the third-party action against the County which, joined by defendants, moved for summary judgment. Supreme Court granted the motion. Plaintiff appeals.

We affirm. Initially, it is clear from the timing of plaintiff's March 2006 payment toward repurchase that very shortly after the foreclosure he undisputedly had knowledge thereof, and yet he failed to pursue a direct challenge to the foreclosure transfer. Supreme Court found that this failure now implicates the statute of limitations (*see* RPTL 1137; *Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 696-697 [1991], *cert denied* 503 US 906 [1992]). In any event, plaintiff's contention that he was not provided sufficient notice of the underlying foreclosure action is unpersuasive. Consistent with the statute, notice was sent by certified mail and first class mail (*see* RPTL 1125 [1] [b]). Such notice is "deemed received unless *both* the certified mailing and the ordinary first class mailing are returned" (RPTL 1125 [1] [b] [i] [emphasis added]). Here, only the certified mailing was returned, and that was with the notation "unclaimed" (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140-141 [2005] [explaining that such endorsement does not mean the address is invalid]). It is apparent from his receipt of the repurchase information that plaintiff received mail at the address to which the notice was sent, and his "mere denial of receipt is insufficient to rebut [the] presumption [of regularity]" (*Sendel v Diskin*, 277 AD2d 757, 759 [2000], *lv denied* 96 NY2d 707 [2001]).

Plaintiff further argues that he tendered the final payment on the repurchase agreement and that it was rejected by the County. Although there is a factual dispute as to whether such a tender was made, plaintiff does not claim that he ever attempted the final payment before the February 2007 date set in the last extension of the deadline. Instead, he asserts that he attempted to make the payment in March 2007 before the sale to defendants. Any such tender was after the date for the final payment (as well as the extensions), and thus the County was not obligated to accept it.

The remaining issues have been considered and found unavailing.

Peters, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.