██ Marie Zamor, Appellant, v L&L Associates Holding Corp., Also Known as L&L Associates (2/02) Holding Corp., Respondent, et al., Defendants. [926 NYS2d 625]—

In an action, inter alia, for a judgment declaring that a deed executed by the defendant County of Nassau conveying to the defendant L&L Associates Holding Corp., also known as L&L Associates (2/02) Holding Corp., certain real property owned by the plaintiff is null and void, the plaintiff appeals from an order

of the Supreme Court, Nassau County (Winslow, J.), entered November 25, 2009, which granted the motion of the defendant L&L Associates Holding Corp., also known as L&L Associates (2/02) Holding Corp., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant L&L Associates Holding Corp., also known as L&L Associates (2/02) Holding Corp., which were for summary judgment dismissing the causes of action for a judgment declaring that a deed executed by the defendant County of Nassau conveying to the defendant L&L Associates Holding Corp., also known as L&L Associates (2/02) Holding Corp., certain real property owned by the plaintiff is null and void and alleging unjust enrichment insofar as asserted against it, and substituting therefor provisions denying those branches of the motion as premature, with leave to renew upon completion of discovery; as so modified, the order is affirmed, with costs to the plaintiff.

In February 2002 the Nassau County Treasurer (hereinafter the County Treasurer) sold to the defendant L&L Associates Holding Corp., also known as Associates (2/02) Holding Corp. (hereinafter L&L), a tax lien on certain commercial real property owned by the plaintiff. In November 2003, L&L sent a notice to redeem by certified mail, return receipt requested, to, inter alia, the plaintiff at the address on record with the County Treasurer and the defendant Town of Hempstead Receiver of Taxes (hereinafter the Town Receiver), to the plaintiff at the subject property, and to the "Tenants in Possession" at the subject property. The two notices sent to the subject property were returned unclaimed after several attempts at delivery. By deed dated May 12, 2004, the County Treasurer conveyed the subject property to L&L.

The plaintiff commenced this action seeking, inter alia, a judgment declaring that the deed is null and void due to inadequate notice of the tax lien sale by the County Treasurer and the notice to redeem by L&L. The plaintiff also alleged causes of action to recover damages for the loss of her property and, in the event that it was determined that the property was properly conveyed to L&L, a cause of action alleging unjust enrichment, to recover property taxes and maintenance fees she continued to pay after the property was conveyed to L&L. L&L moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. We modify.

The plaintiff's cause of action to recover damages for injury to property was brought beyond the three-year statute of limita-

tions (*see* CPLR 214 [4]; *Hanbidge v Hunt*, 183 AD2d 700, 702 [1992]), and, therefore, the Supreme Court properly granted that branch of L&L's motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

However, the Supreme Court erred in granting those branches of L&L's motion which were for summary judgment dismissing the remaining causes of action. L&L established, prima facie, that it satisfied the notice requirements of Nassau County Administrative Code (hereinafter the NCAC) § 5-51.0 and the due process rights of the plaintiff by furnishing constitutionally adequate notice of her right to redeem the property (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140-141 [2005]; *Kennedy v Mossafa*, 100 NY2d 1, 9-11 [2003]; *Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391, 392-393 [2006]), and that the County Treasurer complied with the notice requirements of the NCAC (*see* NCAC § 5-54.0 [b]). However, L&L failed to make a prima facie showing that the County Treasurer complied with constitutional standards of due process in serving the plaintiff with notice of the tax lien sale to L&L. Insofar as developed, the record contains no indication as to what steps the County Treasurer took in notifying the plaintiff of the tax lien sale (*cf. Matter of McCann v Scaduto*, 71 NY2d 164, 177-178 [1987]; *Muzio v Alfano-Hardy*, 73 AD3d 1144 [2010]; *Meadow Farm Realty Corp. v Pekich*, 251 AD2d 634, 635-636 [1998]). Accordingly, that branch of L&L's motion which was for summary judgment dismissing the cause of action for a judgment declaring that the deed executed by the County Treasurer conveying the subject property to L&L is null and void insofar as asserted against it should have been denied as premature, with leave to renew upon completion of discovery (*see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill*, 41 AD3d 771, 773-774 [2007]).

The Supreme Court also erred in granting that branch of L&L's motion which was for summary judgment dismissing the plaintiff's alternative cause of action alleging unjust enrichment insofar as asserted against it to recover the payment of property taxes and maintenance fees made by the plaintiff after the property was conveyed to L&L. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491-492 [2008]). "Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the

defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]). Here, in opposition to L&L's prima facie showing that it was not unjustly enriched at the expense of the plaintiff, the plaintiff raised a triable issue of fact as to whether it would be against equity and good conscience to permit L&L to retain a benefit conferred on L&L under mistake of fact or law (*cf. Clark v Daby*, 300 AD2d 732, 732-733 [2002]). Accordingly, that branch of L&L's motion which was for summary judgment dismissing the cause of action for unjust enrichment insofar as asserted against it should also have been denied as premature, with leave to renew upon completion of discovery. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.