■ 89 Pine Hollow Road Realty Corp. et al., Appellants, v American Tax Fund, Foothill, et al., Defendants, and AFAFB, Inc., Respondent. [840 NYS2d 85]—

In an action to set aside a deed issued in a tax lien foreclosure proceeding, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated March 30, 2006, as, upon reargument, adhered to its determination in an order dated September 28,

2005, granting the motion of the defendant AFAFB, Inc., for summary judgment dismissing the complaint insofar as asserted against it and cancelling a notice of pendency.

Ordered that the order dated March 30, 2006 is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order dated September 28, 2005, granting the motion of the defendant AFAFB, Inc., for summary judgment dismissing the complaint insofar as asserted against it and cancelling the notice of pendency is vacated, and the motion of the defendant AFAFB, Inc., for summary judgment dismissing the complaint insofar as asserted against it and cancelling the notice of pendency is denied as premature.

The plaintiff 89 Pine Hollow Road Realty Corp. (hereinafter the Corporation) was the owner of real property located in Oyster Bay. The decedent, Frank Pettineo, was the Corporation's sole shareholder until his death on November 11, 2002.

In or about July 2000 the Nassau County Treasurer (hereinafter the County Treasurer) notified the Corporation that taxes for the subject property were overdue, and additional notices were sent to the Corporation in October 2000 and October 2001. The validity and effectiveness of these notices are not challenged.

On or about February 20, 2001 the County Treasurer sold a tax lien on the subject property to the defendant American Tax Fund, Foothill (hereinafter ATF), at public auction. The tax lien certificate stated that the sale was "held pursuant to the provisions of the Nassau County Administrative Code." Prior to the sale, the County Treasurer was required, pursuant to Nassau County Administrative Code (hereinafter NCAC) § 5-37.0 (d) (L 1939, chs 272, 701-709, as amended) to "cause notice of such tax lien to be sent by first class mail to the name and address of the record owner or occupant and mortgagee, as shown on the assessment records or on the records kept by the receiver of taxes for the town or city in which the property is located, of each tax lien to be sold." The plaintiffs do not suggest that this statutory requirement was not duly fulfilled by the County Treasurer.

At any time after the expiration of 21 months from the date of the sale of the tax lien, ATF, as the lienholder, had the right to notify the Corporation of its intent to accept conveyance of the subject property from the County Treasurer (see NCAC §§ 5-51.0, 5-53.0). The notice had to include, inter alia, a date certain on or after which conveyance of the subject property could take place, which date could not be less than three months from the day of service or filing of the notice, whichever was

later (see NCAC § 5-51.0 [b] [4]). Insofar as relevant to this appeal, service of the notice could validly be made by certified mail, postage paid, return receipt requested, and "[t]he receipt of the postmaster for such certified mail and the return card by the post office and the affidavit of the person mailing it, setting forth the means by which the last known address was ascertained, shall be sufficient evidence of the service of the notice" (NCAC § 5-51.0 [c]).

Here, the notice in question was sent to the Corporation by ATF's agent, the defendant GKB Tax Lien Services, Inc., at the address of the subject property, on November 22, 2002, 11 days after the death of the Corporation's officer and sole shareholder Frank Pettineo. The notice stated, in relevant part, that "[a]nyone interested in protecting his property interest can do so by paying this tax lien before *2/27/03* which is the first day of [*sic*] the tax lien buyer has the right to apply for a tax deed" (emphasis in original). The certified mail receipt card, however, was returned unsigned with the word "[r]efused" handwritten on it, and the envelope containing the notice was returned unopened. According to the plaintiffs, the tenant at the subject premises refused to accept receipt of the notice on behalf of the Corporation. No further attempt was made to contact the Corporation.

By deed dated June 13, 2003, the County Treasurer conveyed the subject property to ATF, and, on February 10, 2005, ATF conveyed the property to a related entity, the defendant AFAFB, Inc. (hereinafter AFAFB). This litigation ensued.

On this record, AFAFB established its prima facie entitlement to judgment as a matter of law by tendering evidence that it secured conveyance of the subject property in compliance with the procedure set forth in the NCAC. In opposition, however, the plaintiffs raised a triable issue of fact as to whether the notice requirements of the NCAC, as applied to the particular facts of this case, satisfied the Corporation's constitutional right to sufficient notice (see *Jones v Flowers,* 547 US 220 [2006]).

ATF and AFAFB contend, in essence, that the notice required under NCAC § 5-51.0 is irrelevant for due process purposes, because it occurs only after the owner has been notified of its tax delinquent status, and after the County's tax lien has been sold to a third party. We disagree.

A lienholder in Nassau County has up to 15 years to apply to the County Treasurer for a deed (see NCAC § 5-51.0 [h]), and the owner of the delinquent property has an open-ended right to satisfy such lien "at any time" before the property is actually conveyed to the lienholder (see NCAC § 5-50.0 [a], [b]). Criti-

cally, without the notice pursuant to NCAC § 5-51.0, the owner does not—and cannot—know the date certain on or after which its property may be conveyed to the lienholder. Hence, general knowledge by the Corporation that ATF had purchased a tax lien on the subject property and therefore held a security interest in it cannot be equated with knowledge that the subject property would actually be conveyed to ATF on or after a date certain. Thus, a notice sent pursuant to NCAC § 5-51.0 must meet constitutional due process requirements, and therefore must be " 'reasonably calculated, under all the circumstances,' " to apprise the property owner of the impending conveyance and afford it an opportunity to present its objections (*Jones v Flowers, supra* at 226, quoting *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314 [1950]).

Under the unusual circumstances presented, including the death of the Corporation's officer and sole shareholder just 11 days before service of the notice by ATF, the constitutional adequacy of the notice ought not to be determined in this case without the benefit of a full evidentiary record. Accordingly, AFAFB's motion for summary judgment dismissing the complaint insofar as asserted against it and cancelling a notice of pendency should have been denied as premature, with leave to renew upon completion of discovery. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.