In an action, inter alia, to set aside a tax deed, the defendant Lehman Brothers Bank, FSB, as assignee of Greenpoint Mortgage Funding, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County *996 (Woodard, J.), dated April 19, 2010, as, in effect, granted those branches of the plaintiffs’ motion which were for summary judgment on the first, second, fifth, and sixth causes of action in the amended complaint, and denied its cross motion for summary judgment dismissing the amended complaint insofar as asserted against it and Greenpoint Mortgage Funding, Inc., and to cancel the notice of pendency, and (2) so much of a judgment of the same court dated September 28, 2010, as, upon the order, adjudged that the plaintiff 89 Pine Hollow Road Realty Corp. is the fair title owner of the subject premises, vacated the subject tax deed and subsequent conveyances, and vacated and extinguished its mortgage on the subject premises.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In 2001, the Nassau County Treasurer sold a tax lien on certain real property owned by the plaintiff 89 Pine Hollow Realty Corp. (hereinafter the Corporation) to the defendant American Tax Fund, Foothill (hereinafter ATF). Pursuant to relevant provisions of the Nassau County Administrative Code, ATF sent a notice to the Corporation, stating that it had until a date certain to pay the tax lien and that the failure to act would result in the County commencing a foreclosure action or issuing a tax deed. The sole officer and shareholder of the Corporation had died 11 days earlier, and the notice was returned to ATF with the notation “refused” written on the return receipt. Additional relevant facts with respect to the notice to redeem are set forth in our decision and order on a previous appeal (see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill, 41 AD3d 771, 772-774 [2007]).
The Corporation failed to pay the tax lien and, in 2003, the County conveyed the property by tax deed to ATF which, in turn, transferred the property to its affiliated entity, ATFH Real Property, LLC (hereinafter ATFH). In February 2004, the Corporation and the plaintiff Yvonne Pettineo, as administrator of the estate of its sole shareholder (hereinafter together the plaintiffs), commenced this action to set aside the tax deed and *997 filed a notice of pendency. A year later, in February 2005, ATFH conveyed the premises to the defendant AFAFB, Inc. (hereinafter AFAFB), by quitclaim deed for $150,000. AFAFB intervened in the action and moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, dismissed the complaint, and cancelled the notice of pendency on March 30, 2006. Pending its appeal from that order, the Corporation unsuccessfully moved in this Court for a stay of enforcement of the order canceling the notice of pendency. On June 26, 2007, this Court reversed, holding that, in opposition to AFAFB’s motion, the Corporation had raised a triable issue of fact as to whether the notice to redeem violated the Corporation’s constitutional right to sufficient notice (id.).
On November 9, 2006, while that appeal was pending, AFAFB gave a $400,000 mortgage on the premises to the defendant Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), as security for a note in that amount. AFAFB’s President, the defendant Andrew Wertz, signed a guarantee of the debt. In January 2007, Greenpoint assigned the mortgage to the defendant Lehman Brothers Bank, FSB (hereinafter Lehman Brothers). After the previous appeal was decided, the Supreme Court granted the plaintiffs’ motion to extend the notice of pendency for three years and for leave to amend the complaint to add causes of action against Greenpoint and Wertz as party defendants.
The plaintiffs then moved for summary judgment on the amended complaint, in essence, seeking to vacate the tax deed and subsequent conveyances, place title of the premises back in the name of the Corporation, and to vacate and extinguish the November 9, 2006, mortgage. Lehman Brothers cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it and Greenpoint and to cancel the notice of pendency. In the order appealed from, the Supreme Court, inter alia, granted the plaintiffs’ motion and denied Lehman Brothers’ cross motion. In the judgment appealed from, the Supreme Court adjudged that the Corporation is the fee title owner of the premises, vacated the tax deed and subsequent conveyances, and vacated and extinguished Lehman Brothers’ mortgage. Lehman Brothers appeals, and we affirm the judgment insofar as appealed from.
The plaintiffs established their prima facie entitlement to judgment as a matter of law on their causes of action to vacate the tax deed to ATF and the subsequent conveyance by ATF’s affiliate, ATFH, to AFAFB. In opposition, Lehman Brothers failed to raise a triable issue of fact. Contrary to Lehman Broth *998 ers’ contention, the Corporation had the capacity to commence this action despite its dissolution (see Business Corporation Law §§ 1005, 1006; Luna Light., Inc. v Just Indus., Inc., 45 AD3d 814 [2007]). On the record, as now fully developed after the previous appeal (see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill, 41 AD3d at 771), the Supreme Court properly determined that, under the circumstances of this case, the notice to redeem sent to the Corporation failed to comply with the requirements of due process (see Jones v Flowers, 547 US 220 [2006]; Mullane v Central Hanover Bank & Trust Co., 339 US 306 [1950]; cf. Matter of Orange County Commr. of Fin. [Helseth], 18 NY3d 634, 639-640 [2012]; Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391 [2006], cert denied 552 US 1183 [2008]; Matter of American Cars 'R’ Us v Chu, 147 AD 2d 797 [1989]). Moreover, the Supreme Court properly determined that AFAFB was not a bona fide purchaser for value in that it paid well below fair market value and obtained its interest by quitclaim deed when the original notice of pendency in the lawsuit against ATF was in effect (see Mallick v Farfan, 66 AD3d 649, 649-650 [2009]; Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [1997]). Accordingly, the Supreme Court properly vacated the tax deed to ATF and the subsequent conveyance by ATF’s affiliate, ATFH, to AFAFB.
Further, the Supreme Court properly vacated and extinguished the mortgage interest held by Lehman Brothers. An encumbrancer which “knows facts that would excite the suspicion of an ordinarily prudent person and fails to investigate [is] . . . chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed,” and a “mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value” (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769 [2009] [internal quotation marks omitted]). Here, the plaintiffs submitted evidence establishing prima facie that Greenpoint was not a bona fide encumbrancer for value, as it failed to make proper inquiry upon becoming aware of facts regarding a cloud on AFAFB’s title and its inability to convey a mortgage interest. For example, Greenpoint was aware that AFAFB acquired the property by quitclaim deed at a price less than a quarter of its appraised value and that Greenpoint’s title insurer initially expressed objections to AFAFB’s title, including questions as to the transfer from ATF to ATFH and the propriety of the notice to redeem sent to the plaintiffs prior to the tax sale. In opposition to the plaintiffs’ showing, Lehman Brothers, as assignee of Greenpoint, did not address this evidence and failed to raise a triable issue of fact as to its alleged status as a bona fide encumbrancer for value.
*999 However, Lehman Brothers contends that Greenpoint acquired its mortgage interest after the Supreme Court had cancelled the original notice of pendency and before that order had been reversed by this Court in the previous appeal, noting that “the ‘good faith’ of a purchaser who has acquired the property for value during the pendency of a claimant’s appeal is not vitiated by the purchaser’s actual knowledge of the appeal” (Da Silva v Musso, 76 NY2d 436, 442 [1990]). Contrary to this contention, Da Silva is inapplicable here, where Greenpoint was not a bona fide encumbrancer for value as established by independent evidence, irrespective of its knowledge of the pending appeal (cf. Marcus Dairy v Jacene Realty Corp., 298 AD2d 366 [2002]).
Accordingly, the Supreme Court properly, in effect, granted those branches of the plaintiffs’ motion which were for summary judgment on the first, second, fifth, and sixth causes of action in the amended complaint and properly entered judgment in accordance therewith.
Lehman Brothers’ remaining contention is without merit. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur. [Prior Case History: 2010 NY Slip Op 31049(U).]