■ In the Matter of 149 GLEN STREET CORP., Respondent, v BEAUMONT A. JEFFERSON, as Nassau County Treasurer, et al., Appellants. [33 NYS3d 360]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated October 17, 2014, approving the issuance of a tax deed conveying certain real property owned by 149 Glen Street Corp., to L&L Associates Holdings Corp., Beaumont A. Jefferson and L&L Associates Holdings Corp. separately appeal from a judgment of the Supreme Court, Nassau County (Brown, J.), entered April 21, 2015, which, among other things, in effect, granted the petition, annulled the determination of the Nassau County Treasurer, and set aside the tax deed.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner commenced this CPLR article 78 proceeding to review a determination of the Nassau County Treasurer (hereinafter the Treasurer) which approved the issuance of a tax deed conveying certain real property owned by the petitioner to L&L Associates Holdings Corp. (hereinafter L&L). In the judgment appealed from, the Supreme Court, among other things, in effect, granted the petition, annulled the determination of the Treasurer, and set aside the tax deed. We affirm.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). This principal has been applied to the notice of redemption that must be given prior to the issuance of a tax deed to a lienholder (*see e.g. 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill*, 41 AD3d 771, 774 [2007]; *Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391, 392-393 [2006]). In making a determination as to whether notice is "reasonably calculated," the unique information about an intended recipient must be considered, "regardless of whether a statutory scheme is reasonably calculated to provide

notice in the ordinary case" (*Jones v Flowers*, 547 US 220, 230 [2006]; *see Matter of Skolnick*, 108 AD3d 720, 723 [2013]). The means used to give a constitutionally required notice " 'must be such as one desirous of actually informing the absentee might reasonably adopt' " (*Jones v Flowers*, 547 US at 229, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US at 315; *see Mac Naughton v Warren County*, 20 NY3d 252, 257 [2012]).

Here, L&L obtained a tax lien on certain real property that was owned by the petitioner. L&L sent a notice of redemption by certified mail to that property in an attempt to comply with the notice provisions of Nassau County Administrative Code § 5-51.0 (c). However, after that mailing was returned as "unclaimed," L&L failed to send notice to the address of the petitioner's "Chief Executive Officer," despite the fact that L&L had notice of this address by virtue of its prior research conducted on the website of New York State Department of State. Under the circumstances, an entity that "actually desired to inform" the petitioner of its right to redeem the property would have sent notice to this additional address after the first certified mailing was returned (*Jones v Flowers*, 547 US at 229; *see Matter of Skolnick*, 108 AD3d at 723). Inasmuch as the Treasurer decided to issue the tax deed in the absence of such constitutionally required notice, despite the fact that he was aware that the certified mailing had been returned as "unclaimed," his determination was "affected by error of law" (CPLR 7803 [3]; *see Wells Fargo Bank, N.A. v Mastromarino*, 98 AD3d 662, 663 [2012]). Accordingly, the Supreme Court properly, among other things, in effect, granted the petition, annulled the Treasurer's determination, and set aside the tax deed. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.