■ In the Matter of ROSLYN JANE HOLDINGS, LLC, Appellant, v BEAUMONT JEFFERSON, as Nassau County Treasurer, et al., Respondents. [42 NYS3d 61]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated August 19, 2013, approving the issuance of a tax deed, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered September 23, 2014, which denied its petition to set aside the determination and annul the tax deed, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was the owner of commercial property located in Roslyn Heights, Nassau County. Most of the relevant facts of this dispute are set forth in our decision and order in a companion case, brought by the mortgagee of the subject property (*see Matter of East W. Bank v L & L Assoc. Holding Corp.,* 144 AD3d 1030 [2016] [decided herewith]).

The respondent L & L Associates Holding Corp. (hereinafter L & L), was the holder of a tax lien purchased at public auction from the Nassau County Treasurer. The record in the companion case (which involved the same parties and was pending before the same judge) indicates that notices of the tax lien sale dated October 20, 2010, and January 19, 2011, respectively, were sent by the County of Nassau to Roslyn Jane Holdings, LLC (hereinafter Roslyn Jane), "or current owner," at 71 Jane Street, Roslyn Heights, NY, 11577.

In January 2013, L & L served notices to redeem on Roslyn Jane at the same address. The notices were sent by certified mail with return receipt, and regular first class mail. The certified mailing to Roslyn Jane was returned with the notation "RETURN TO SENDER / UNCLAIMED / UNABLE TO FORWARD." The notice sent by regular mail was not returned.

Both the initial notice of tax lien sale (*see Matter of McCann v Scaduto*, 71 NY2d 164 [1987]), as well as the subsequent notice to redeem, must meet constitutional due process requirements (*see Matter of 149 Glen St. Corp. v Jefferson*, 140 AD3d 742 [2016]; *Zamor v L&L Assoc. Holding Corp.*, 85 AD3d 1154 [2011]; *Orra Realty Corp. v Gillen*, 46 AD3d 649 [2007]; *89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill*, 41 AD3d 771, 774 [2007]; *Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391 [2006]). "[T]he requirements of due process are satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Jones v Flowers*, 547 US 220, 226 [2006]; *Kennedy v Mossafa*, 100 NY2d 1, 9 [2003]). "Due process does not require actual receipt of notice before a person's . . . property interests may be adjudicated" (*Matter of Beckman v Greentree Sec.*, 87 NY2d 566, 570 [1996]; *see Jones v Flowers*, 547 US at 226; *Mullane v Central Hanover Bank & Trust Co.*, 339 US at 314). All that is required " 'when notice is a person's due' " is that " '[t]he means employed . . . be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it' " (*Jones v Flowers*, 547 US at 229, quoting *Mullane*, 339 US at 315). The Court of Appeals has specifically held that due process was satisfied where, as here, notices "sent by certified mail . . . were returned 'unclaimed,' but the ordinary mailings were not, and the [sender] took no steps to obtain an alternative address" (*Matter of Harner v County of*

*Tioga*, 5 NY3d 136, 138 [2005]). As the record owner of the property, Roslyn Jane bore the responsibility of updating its address to protect its ownership interest (*see id.* at 141). Since the first class mailing addressed to the petitioner was not returned, there was no reason for L & L to believe that notice had not been received. Under the circumstances, the Supreme Court did not err in finding that L & L had satisfied the requirements of due process with respect to the petitioner.

In light of our determination, we need not address the alternative ground advanced by L & L to affirm the judgment.

The petitioner's remaining contention is without merit. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.