BCB Community Bank v Zazzarino (2022 NY Slip Op 06458)

BCB Community Bank v Zazzarino

2022 NY Slip Op 06458

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-03234
2020-07013
2020-08533
 (Index No. 607110/19)

[*1]BCB Community Bank, etc., respondent,
v
Louis Zazzarino, etc., et al., appellants, et al., defendants.

William Yurus, Hawthorne, NY, for appellants.
Forchelli Deegan Terrana, LLP, Uniondale, NY (Richard A. Blumberg and Danielle B. Gatto of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a tax deed to certain real property dated March 22, 2019, is null and void, that the plaintiff's mortgage on the subject real property is in full force and effect, and that the defendants Louis Zazzarino and T11 Funding do not have absolute and unencumbered title to the subject real property, the defendants Louis Zazzarino and T11 Funding appeal from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered February 19, 2020, (2) an order of the same court entered August 3, 2020, and (3) a judgment of the same court entered October 22, 2020. The order entered February 19, 2020, granted the plaintiff's motion, in effect, for summary judgment on the complaint and denied the cross motion of the defendants Louis Zazzarino and T11 Funding for summary judgment dismissing the complaint insofar as asserted against them. The order entered August 3, 2020, denied those defendants' motion for leave to renew and/or reargue their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them and their opposition to the plaintiff's prior motion, in effect, for summary judgment on the complaint. The judgment entered October 22, 2020, insofar as appealed from, declared the tax deed dated March 22, 2019, void ab initio, directed the Nassau County Clerk to cancel, vacate, and remove the tax deed, declared the defendant Forest Glen Realty, LLC, the fee owner of the subject property, and declared the plaintiff's mortgage on the subject property to be in full force and effect.
ORDERED that the appeal from the order entered February 19, 2020, is dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248); and it is further,
ORDERED that the appeal from so much of the order entered August 3, 2020, as denied that branch of the motion of the defendants Louis Zazzarino and T11 Funding which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the appeal from so much of the order entered August 3, 2020, as [*2]denied that branch of the motion of the defendants Louis Zazzarino and T11 Funding which was for leave to renew is dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d at 248); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Initially, the appeal from the order entered February 19, 2020, and the appeal from so much of the order entered August 3, 2020, as denied that branch of the motion of the defendants Louis Zazzarino and T11 Funding which was for leave to renew, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d at 248). However, the issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see id.).
In 2010, the defendant Forest Glen Realty, LLC (hereinafter Forest Glen), executed a note in the sum of $1.75 million in favor of Indus American Bank (hereinafter Indus), predecessor entity to the plaintiff, BCB Community Bank. The note was secured by a mortgage on certain real property located in the City of Glen Cove, Nassau County (hereinafter the subject property). The mortgage required Forest Glen to pay all real estate taxes for the subject property.
On June 19, 2015, the defendant T11 Funding purchased tax lien certificates for unpaid real estate taxes referable to the subject property.
In April 2018, Indus merged with the plaintiff. On November 21, 2018, T11 Funding mailed a notice to redeem by certified mail, return receipt requested, to Indus at 1536 Oak Tree Road, Iselin, New Jersey, 08830, and at 1640 Vauxhall Road, Suite 2C, Union, New Jersey 07083. The notice to redeem was also mailed to "BCB Indus American Bank" at 1630 Oak Tree Road, Edison, New Jersey, 08820.
Thereafter, as the subject property was not redeemed during the prescribed redemption period, the Treasurer of the City of Glen Cove issued a tax deed dated March 22, 2019, conveying the property to T11 Funding.
On May 23, 2019, the plaintiff commenced this action against Louis Zazzarino and T11 Funding (hereinafter together the T11 defendants), among others, pursuant to RPAPL article 15, seeking, inter alia, a judgment declaring the tax deed null and void and that the plaintiff's mortgage is in full force and effect. The complaint alleged, among other things, that T11 Funding failed to properly serve the plaintiff with the notice to redeem.
On August 16, 2019, the plaintiff moved, in effect, for summary judgment on the complaint. In support, the plaintiff submitted, inter alia, the affidavit of Rita Mungioli, its assistant general counsel, who stated that all of the addresses listed for the plaintiff on the notice to redeem were invalid, as the plaintiff did not maintain branches or offices at 1536 Oak Tree Road or at 1640 Vauxhall Road at the time the notice to redeem allegedly was served. The mailings addressed to those two addresses were both returned as undeliverable; the envelope for each of them was marked "Return to Sender" and "Not Deliverable as Addressed." Regarding the copy of the notice to redeem mailed to "BCB Indus American Bank" at 1630 Oak Tree Road, Mungioli stated that this branch was just one of 28 branches in New York and New Jersey, and unrelated to the mortgage at issue. While, apparently an employee at the branch had signed for the notice, they would have no understanding of the legal significance. She stated that "[h]ad the Notice to Redeem been sent to corporate headquarters, [which address was ascertainable from an internet search], it would have been appropriately addressed."
The T11 defendants opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an affirmation in support of the cross motion, the T11 defendants noted that the 1536 Oak Tree Road address was listed as [*3]Indus's address on the mortgage at issue, and that the 1640 Vauxhall Road address was listed as Indus's address by the Nassau County Clerk's Office.
In an order entered February 19, 2020, the Supreme Court granted the plaintiff's motion and denied the T11 defendants' cross motion. The Supreme Court found, inter alia, that under the circumstances, where two of the mailings were returned as undeliverable, and where T11 Funding was "aware of the BCB-Indus connection," as evidenced by the third mailing addressed to BCB Indus American Bank, at a "random bank branch," due process required T11 Funding to ascertain the address of the plaintiff's headquarters, which it reasonably could have done.
On May 6, 2020, the T11 defendants moved, inter alia, for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them and their opposition to the plaintiff's prior motion, in effect, for summary judgment on the complaint. In support of that branch of their motion which was for leave to renew, the T11 defendants submitted an affidavit from Zazzarino, wherein he stated for the first time that he ascertained the third mailing address "to 'BCB Indus American Bank', at 1630 Oak Tree Road Edison NJ 0582 [sic] as a result of a GOOGLE search of the address of the record owner of the subject mortgage 'INDUS AMERICAN BANK.'"
In an order entered August 3, 2020, the Supreme Court, inter alia, denied that branch of the T11 defendants' motion which was for leave to renew.
In a judgment entered October 22, 2020, the Supreme Court, inter alia, declared the tax deed to be void ab initio, directed the Nassau County Clerk to cancel, vacate, and remove the tax deed, declared Forest Glen the fee owner of the subject property, and declared the plaintiff's mortgage to be in full force and effect.
The T11 defendants appeal.
The Supreme Court properly granted the plaintiff's motion, in effect, for summary judgment on the complaint, and properly denied the T11 defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; see Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d 742, 742-743). This principle applies to the notice to redeem that must be given prior to the issuance of a tax deed to a lienholder (see e.g. Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d at 742-743; 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill, 41 AD3d 771, 774; Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391, 392-393). In making a determination as to whether notice is "reasonably calculated," the unique information about an intended recipient must be considered, "regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case" (Jones v Flowers, 547 US 220, 230; see Matter of Skolnick, 108 AD3d 720, 723). The means used to give a constitutionally required notice "'must be such as one desirous of actually informing the absentee might reasonably adopt'" (Jones v Flowers, 547 US at 229, quoting Mullane v Central Hanover Bank & Trust Co., 339 US at 315; see Mac Naughton v Warren County, 20 NY3d 252, 257).
Here, the T11 defendants mailed copies of the notice to redeem to the addresses that were on record for Indus at 1536 Oak Tree Road and 1640 Vauxhall Road. However, those mailings were returned as "Not Deliverable as Addressed," and thus the T11 defendants were made aware that mailing the notice to redeem to these addresses would not provide the plaintiff with actual notice. The fact that the T11 defendants addressed the third mailing to "BCB Indus American Bank" indicates that they were aware, at the very least, of some connection between the plaintiff and Indus. The notice sent to "BCB Indus American Bank" was sent to a bank branch unconnected with the mortgage at issue, as opposed to the plaintiff's corporate headquarters. The Supreme Court properly noted that "[j]ust as T11 Funding was able to obtain the address of a BCB bank branch, it could [*4]reasonably have ascertained the address of BCB's headquarters by viewing BCB's website or New York Department of Financial Services' public records." Thus, under the circumstances, the means selected by the T11 defendants for providing notice to the plaintiff were not reasonably calculated to inform the plaintiff of the right to redeem the outstanding tax lien and to afford it an opportunity to do so (see Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d at 743; Orra Realty Corp. v Gillen, 46 AD3d 649, 651; cf. Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1043).
The Supreme Court also properly denied that branch of the T11 defendants' motion which was for leave to renew, since Zazzarino failed to provide a reasonable justification for his failure to include the information in his affidavit with the information submitted in opposition to the plaintiff's original motion and in support of the T11 defendants' original cross motion (see CPLR 2221[e]; Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 519; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). In any event, the T11 defendants' submission in support of renewal would not have changed the prior determination (see Byun Sik Chu v Kerrigan, 154 AD3d 731, 732).
The plaintiff's remaining contentions regarding alleged additional defects in the notice to redeem are academic in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court