Matter of Foreclosure of Tax Liens (2023 NY Slip Op 02310)

Matter of Foreclosure of Tax Liens

2023 NY Slip Op 02310

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00569
 (Index No. 1315/17)

[*1]In the Matter of Foreclosure of Tax Liens, etc. City of New Rochelle, respondent; Veronica Giamundo, appellant. 

Paul W. Meyer, Jr., Yonkers, NY, for appellant.
Dawn M. Warren, Interim Corporation Counsel, New Rochelle, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to RPTL article 11 to foreclose tax liens, Veronica Giamundo appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), entered October 22, 2020. The order denied the motion of Veronica Giamundo to vacate so much of an amended judgment of the same court dated March 10, 2020, as foreclosed a tax lien on a certain parcel of real property.
ORDERED that the order is affirmed, with costs.
On March 24, 2017, the City of New Rochelle commenced this proceeding to foreclose tax liens on certain parcels of real property, which included property owned by Veronica Giamundo and her husband (hereinafter the subject property). On March 10, 2020, upon the failure of Giamundo and her husband to redeem the subject property or answer the petition, the Supreme Court issued an amended judgment, inter alia, foreclosing the tax lien on the subject property.
Subsequently, Giamundo moved to vacate so much of the amended judgment as foreclosed the tax lien on the subject property on the ground that she did not receive notice of the foreclosure proceeding. The Supreme Court denied the motion. Giamundo appeals.
Giamundo contends that she was deprived of due process by the City's alleged failure to provide notice to her of this proceeding. "[T]he requirements of due process are satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1042, quoting Matter of Harner v County of Tioga, 5 NY3d 136, 140; see BCB Community Bank v Zazzarino, 210 AD3d 847, 851). "Due process does not require actual receipt of notice before a person's . . . property interests may be adjudicated" (Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d at 1042 [internal quotation marks omitted]). "All that is required 'when notice is a person's due' is that '[t]he means employed . . . be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it'" (id. at 1042, quoting Jones v Flowers, 547 US 220, 229 [internal quotation marks omitted]).
Here, the City sent a notice of tax enforcement to Giamundo and her husband in February 2016 via certified mail. Giamundo signed the certified mail receipt indicating that she received that notice. In February 2017, the City filed a list of properties that were subject to [*2]foreclosure due to tax delinquency with the Westchester County Clerk, which included the subject property. That list was posted in several public places in the City, including the City Clerk's office, the County Clerk's office, and the City Hall tax office, and was published in several local publications. Thereafter, in March 2017, the City sent a petition and notice of foreclosure to Giamundo via certified mail and regular mail. The certified mailing was returned bearing the notation "RETURN TO SENDER - REFUSED." Since the first class mailing addressed to Giamundo was not returned, there was no reason for the City to believe that notice had not been received (see Nassau Prop. Investors, LLC v Goffe, 213 AD3d 679, 680-681; Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d at 1043). Under the circumstances, the means of notice employed by the City were "reasonably calculated . . . to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections" (Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d at 1042 [internal quotation marks omitted]). Further, an approval letter for a loan to cover the tax delinquency was issued on March 6, 2019, and listed both Giamundo and her husband as the borrowers. Since Giamundo took some action to redeem the subject property, she cannot now complain that she did not have notice of the foreclosure proceeding (see Matter of Tax Foreclosure No. 35, 71 NY2d 863, 865).
Giamundo's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court