Matter of 154-156 Long Beach Rd., LLC v Jefferson (2025 NY Slip Op 06053)

Matter of 154-156 Long Beach Rd., LLC v Jefferson

2025 NY Slip Op 06053

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08127
 (Index No. 603313/21)

[*1]In the Matter of 154-156 Long Beach Road, LLC, respondent, 
v
Beaumont A. Jefferson, etc., et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants Beaumont A. Jefferson and County of Nassau.
Levy & Levy, Great Neck, NY (Joshua Levy and Kenneth Cooperstein of counsel), for appellant Peter A. Pekich.
The Zweig Law Firm, P.C., Cedarhurst, NY (Alexander Novak of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated January 5, 2021, approving the issuance of a tax deed conveying certain real property owned by the petitioner to Peter A. Pekich, Peter A. Pekich appeals, and Beaumont A. Jefferson and the County of Nassau separately appeal, from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 8, 2021. The judgment granted the petition, annulled the determination, and, in effect, set aside the tax deed.
ORDERED that the appeal by Beaumont A. Jefferson and the County of Nassau is dismissed as abandoned; and it is further,
ORDERED that the judgment is reversed on the appeal by Peter A. Pekich, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to Peter A. Pekich, payable by the petitioner.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer (hereinafter the Treasurer), which approved the issuance of a tax deed conveying certain real property owned by the petitioner to Peter A. Pekich. In a judgment entered October 8, 2021, the Supreme Court granted the petition, annulled the determination, and, in effect, set aside the tax deed. Pekich appeals, and the Treasurer and the County of Nassau separately appeal.
The appeal by the Treasurer and the County must be dismissed as abandoned, as their brief does not seek reversal of any portion of the judgment (see Agosto v Museum of Modern Art, 219 AD3d 674, 675).
Pursuant to Nassau County Administrative Code § 5-51.0, the holder of a tax lien that has not been satisfied within 21 months from the date of the sale must give notice to redeem to the owner of the property (see id. § 5-51.0[a], [b]). Such notice must be sent to a nonresident owner by certified mail, return receipt requested, to the last known address (see id. § 5-51.0[c]). A receipt of the postmaster for certified mail, a return card by the post office, and an affidavit of the person mailing the notice to redeem constitutes sufficient evidence of service of the notice (see id.).
"An elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314). This principle "has been applied to the notice of redemption that must be given prior to the issuance of a tax deed to a lienholder" (Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d 742, 742). "Due process does not require actual receipt of notice before a person's . . . property interests may be adjudicated" (Matter of Beckman v Greentree Sec., 87 NY2d 566, 570). "In making a determination as to whether notice is 'reasonably calculated,' the unique information about an intended recipient must be considered, 'regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case'" (Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d at 742-743, quoting Jones v Flowers, 547 US 220, 230). "The means used to give a constitutionally required notice must be such as one desirous of actually informing the absentee might reasonably adopt" (id. at 743 [internal quotation marks omitted]).
Here, the service of the notice to redeem satisfied constitutional due process requirements. Contrary to the petitioner's contention, service upon the petitioner at the property address, as well as an address in Brooklyn, was constitutionally sufficient to prove compliance with Nassau County Administrative Code § 5-51.0. The record lacks evidence that the nature and degree of the interest in the property of Shmuel Schochet, the nonresident owner of the petitioner, was a matter of public record, and therefore, the record does not support the petitioner's contention that Schochet was entitled to receive additional notice beyond that which was served upon the petitioner.
Furthermore, while Pekich failed to establish that he had submitted the return cards from the certified mailings in accordance with Nassau County Administrative Code § 5-51.0(c), due process does not require actual receipt of notice, only that notice is reasonably calculated. Here, where the petitioner withdrew its claim that Pekich had failed to request return receipts, and where there was no evidence that the mailings had not been delivered, the lack of proof of the return cards was not sufficient to show a lack of due process.
Where "[t]he validity of any deed issued by the County Treasurer . . . and the regularity of any proceedings prior to its delivery shall not be affected or impaired by failure to give . . . notice [under Nassau County Administrative Code § 5-51.0]" (id. § 5-51.0[g]), the lack of the return cards alone was not sufficient to determine that the issuance of the tax deed was "affected by an error of law" (CPLR 7803[3]).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
The parties' remaining contentions are without merit.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court